FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT

BARBARA CORDI-ALLEN and JOHN ALLEN,

Plaintiffs,

v.

R. BARTLEY HALLORAN and R. BARTLEY HALLORAN, P.C.

Defendant.

Civil Action No. 05-30083-MAP

RECEIPT # 305902
AMOUNT $ 250.00
SUMMONS ISSUED
LOCAL RULE
WAIVER
MCF ISSUED
BY DPTY CLK MCL
DATE 4/6/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants R. Bartley Halloran and R. Bartley Halloran, P.C. (collectively "Halloran") hereby notice the removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Hampden County, Civil Action No. 04-01225 (the "State Court Action). In support thereof, Halloran states the following:

1. On or about December 23, 2004, Plaintiffs Barbara Cordi-Allen and John Allen (the "Allens") filed a Complaint in the State Court Action.

2. On or about March 14, 2005, a Summons and a copy of the Complaint was served upon Halloran.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Attached hereto as Exhibit 1 is a copy of the Civil Action Cover Sheet. Attached hereto as Exhibit 2 is a copy of the Complaint. Attached as Exhibit 3 hereto is a copy of the Summons with Proof of Service Affidavit of Paul Revere, III. These documents constitute all of the papers and pleadings served in the State Court Action.

5. As of the date of the filing of this Notice of Removal, no further proceedings have been had in the Superior Court in the State Court Action.

6. The Complaint alleges claims for damages for breach of contract, and breach of fiduciary duty.

7. This Court has jurisdiction over the above-described action pursuant to 28 U.S.C. § 1332 because:

(a) The Allens are, and at the time this action was filed were; Massachusetts residents residing at 143 Ardsley Road, Longmeadow, Massachusetts.

(b) R. Bartley Halloran has, and at the time this action was filed, had a usual place of business at 74 Batterson Park Road, Farmington, Connecticut.

(c) R. Bartley Halloran, P.C. is, and at the time this action was filed was, a professional corporation with a principal place of business at 74 Batterson Park Road, Farmington, Connecticut.

(d) The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Halloran will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Hampden County, and will give written notice of the removal to the Allens through their attorney of record in the State Court Action.

9. Pursuant to Local Rule 81.1, Halloran will file, within thirty days of filing this Notice, certified copies of all records and proceedings in the State Court Action and a certified copy of all docket entries in the State Court Action.

WHEREFORE, Defendants R. Bartley Halloran and R. Bartley Halloran, P.C. request that the action pending against them in the Superior Court of Hampden County, Commonwealth of Massachusetts, Civil Action No. 04-01225, be removed to this court.

R. Bartley Halloran and R. Bartley Halloran, P.C.
By their attorneys,

Kenneth D. Small, (BBO# 567868)
Jill M. Brannelly, (BBO# 655474)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: March 31, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each party by hand/mail.

DATE: March 31, 2005

Kenneth D. Small

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1225 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S) Barbara Cordi-Allen, John Allen

DEFENDANT(S) R. Bartley Halloran, R. Bartley Halloran, P.C.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul Revere, III 226 River View Ln, Centerville, MA 02632 508-778-7126

Board of Bar Overseers number: 636200

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Contract | (F) | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:

1. Total hospital expenses ........ $........
2. Total Doctor expenses ........ $........
3. Total chiropractic expenses ........ $........
4. Total physical therapy expenses ........ $........
5. Total other expenses (describe) ........ $........

**Subtotal $**........

B. Documented lost wages and compensation to date ........ $........

C. Documented property damages to date ........ $........

D. Reasonably anticipated future medical and hospital expenses ........ $........

E. Reasonably anticipated lost wages ........ $........

F. Other documented items of damages (describe)

$........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Breach of Fiduciary Duty; Loss of Value of Lawsuit

$250,000....

**TOTAL $** 250,000....

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** 53,222.22

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 12/21/04

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO.

Barbara Cordi-Allen and John Allen
Plaintiffs

v.

R. Bartley Halloran and
R. Bartley Halloran, P.C.
Defendants

## COMPLAINT

### I. INTRODUCTION

1. By this action, the Plaintiffs, Barbara Cordi-Allen and John Allen (sometimes collectively the "Allens") who at all relevant times were residents of the commonwealth of Massachusetts seek to recover damages in excess of $25,000 caused by Defendants breach of contract to represent them in legal proceedings and a worker's compensation matter in the State of Connecticut and breach of fiduciary duties..

### II. JURISDICTION

2. This court has jurisdiction pursuant to M.G.L. ch. 212, Sec. 4.

### III. PARTIES

3. Plaintiff Barbara Cordi-Allen is a person who has an address of 143 Ardsley

Road, Longmeadow, Massachusetts 01106.

4. Plaintiff John Allen is a person who has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

5. Defendant R. Bartley Halloran is a person who has a business address of 74 Batterson Park Road, Farmington, Connecticut 06032.

6. Defendant R. Bartley Halloran, P.C., is a professional corporation controlled by R. Bartley Halloran and has an address of 74 Batterson Park Road, Farmington, Connecticut 06032.

## IV. BREACH OF CONTRACT COUNT

7. On or about January 10, 1997, Barbara Cordi-Allen was injured in an elevator accident in a building owned by the City of Hartford (the "Accident").

8. The accident was alleged to have occurred in the course of her employment.

9. On or about July 21, 1997, the Allens engaged R. Bartley Halloran of R. Bartley Halloran, P.C. (collectively "Halloran"), to represent her in claims against certain parties arising out of the Accident including a claim against the City of Hartford on behalf of John Allen.

10. Halloran was hired to pursue the claims of the Allens against all liable parties.

11. Halloran brought an action against various parties in the name of Barbara Cordi-Allen including a subsidiary of United Technologies.

12. No action has ever been brought against the City of Hartford on behalf of John Allen.

13. A copy of the retainer agreement which provided for legal fees to be paid on a contingent basis is attached as Exhibit One.

14. Pursuant to the agreement, "fees of thirty-three and one third percent (33 1/3%) of the recovery whether by way of settlement or award, **after deduction of liens, costs and expenses including payback of any Worker's Compensation benefits**" were to be paid to Halloran

15. A settlement agreement was reached with the defendants, including the subsidiary of United Technologies Corporation.

16. The gross settlement amount was $235,000.00.

17. As an accounting of the settlement, Halloran presented a statement in which he received a fee of $78,333.33 which is equal to thirty three and one third percent of the gross recovery, not the recovery after payment of "liens, costs and expenses." Copy attached as Exhibit Two.

18. This accounting was inconsistent with the terms of the Agreement as the attorneys fee was based upon 1/3 of the gross settlement, not the settlement after

deductions for "liens, costs and expenses."

19. In addition, $29,946.22 of the settlement was withheld as payment for "disbursements" and $126,720.45 for repayment of the "worker's compensation lien."

20. These sums, in combination with the $78,333.33 attorneys fee, resulted in the Allens receiving $0 from the settlement.

21. The settlement benefited Halloran, but not the Allens.

22. If the terms of the settlement agreement were followed and the worker's compensation lien was paid in full, Halloran would have been entitled to $26,111.11 and the Allens entitled to $52,222.22.

23. The miscalculation of the settlement distribution resulted in a net transfer of $52,222.22 from the Allens to Halloran.

24. The Allens are entitled to $52,222.22 from Halloran based upon the miscalculation of the fees.

25. Halloran also agreed to take on Ms. Cordi-Allens worker's compensation claim and also "guarantee[d] that no attorneys fee payments will be charged to Barbara and John Allen. . . and [they] will not be responsible for attorneys fees or expenses for the worker's comp. case." *See* Exhibit Two.

26. Within a few months after the settlement, Halloran moved over Cordi-Allens

MAR 18 2005 15:23 FR ST. PAUL CO. 973 994 2513 TO 916176462222 P.08/18

objections to be removed as counsel in the worker's compensation claim.

26. By withdrawing as counsel, Halloran breached the agreement to represent Barbara Cordi-Allen in the worker's compensation proceeding.

27. At the time which he represented the Allens, Halloran was involved in negotiating an agreement with United Technologies Corporation ("UTC") regarding naming rights for a football stadium at Adriaen's Landing as part of his work with the Capital City Economic Development Authority.

28. Halloran never informed the Allens of his contacts with UTC.

29. The settlement obtained on behalf of the Allens was negligible when compared to the injuries suffered by Barbara Cordi-Allen in the Accident.

## Count I

## Breach of Contract -- Settlement

30. The Allens repeat the allegations in paragraphs 1 through 29 set forth above and further allege as follows.

31. The division of the settlement pursuant to the accounting provided by Halloran was inconsistent with the terms of the retainer agreement.

32. Failure to distribute the funds from the settlement in accordance with the retainer agreement constituted a breach of the retainer agreement.

MAR 18 2005 15:23 FR ST. PAUL CO. 973 994 2513 TO 916176462222 P.09/18

33. The Allens have been damaged in the amount of at least 52,222.22 by such breach.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $52,222.22.

**Count II**

**Breach of Contract -- Failure to Represent**

34. The Allens repeat the allegations in paragraphs 1 through 33 set forth above and further allege as follows,

35. Halloran agreed to represent Barbara Cordi-Allen in her worker's compensation proceeding at no cost to her.

36. Halloran over the objections of Cordi-Allen terminated his representation.

37. Barbara Cordi-Allen was damaged as she had to obtain other counsel.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00

**Count III**

**Breach of Fiduciary Duty**

38. The Allens repeat the allegations in paragraphs 1 through 37 set forth above and further allege as follows.

39. Halloran owed a duty of utmost faith and loyalty in his representation of the Allens.

40. Halloran failed to disclose that he was involved in other transactions with numerous parties to the Allens litigation and worker's compensation claim including the subsidiary of United Technologies and Traveler's Insurance.

41. Halloran owed a duty to disclose these relationships because they were conflicts of interest and/or created the appearance of impropriety.

42. The failure to disclose these conflicts constituted a breach of the fiduciary relationship and the conflicts made it impossible for Halloran to appropriately represent the Allens interests.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00.

**Jury Demand**

Plaintiffs request a trial by jury.


Respectfully Submitted,


Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02632
(508)778-7126


Dated: December 21, 2004

**EXHIBIT ONE**

LAW OFFICES OF R. BARTLEY HALLORAN, P.C.
ONE LEWIS STREET
HARTFORD, CONNECTICUT 06103

R. BARTLEY HALLORAN
HENRY K. SNYDER*

*Also admitted in New York

TELEPHONE (860) 493-1923
FACSIMILE (860) 493-1924

**RETAINER AGREEMENT**

I. **PARTIES** - I, Barbara Cordi-Allen, (hereafter the "Client") retain the Law Offices of R. Bartley Halloran, P.C. to investigate, and, if warranted, to represent me in a claim or claims against any party or parties arising out of the following incident: Crush injury to right foot 1/10/97. left

II. **FEES** - The Client agrees that the Law Offices of R. Bartley Halloran, P.C. shall receive fees of thirty-three and one third percent (33 1/3 %) of the recovery whether by way of settlement or award, after deduction of liens, costs and expenses, including payback of any Workers' Compensation benefits. The Client authorizes the Law Offices of R. Bartley Halloran, P.C. to deduct said fees, liens, costs and expenses out of monies received from said party or parties. If all or any part of the settlement or award is to be paid in installments (a "structured settlement") the fee shall be based upon the present cost of such settlement or award; all fees, liens, costs and expenses will be paid from the first monies received.

It is agreed that this employment is on a contingent fee basis. If no recovery is made, the client shall not owe the Law Offices of R. Bartley Halloran, P.C. any sum as attorneys' fees.

III. **COSTS AND EXPENSES** - Costs and expenses include court fees, investigation expenses, expert fees, and all other disbursements incurred in the prosecution or settlement of this action. The Law Offices of R. Bartley Halloran, P.C. agrees to advance all out-of-pocket costs and expenses in connection with this litigation. Upon settlement of the case the Law Offices of R. Bartley Halloran, P.C. is authorized to deduct these costs and expenses from any settlement or award after the legal fee has been deducted.

IV. **WAIVER** - There is a statute which sets forth fee limits in contingent fee contracts, which limits are set forth in attached Exhibit A. The law allows voluntary waiver of this statute. In view of the complex nature of this case, the expense involved in prosecuting this case, the agreement by the Law Offices of R. Bartley to advance all costs and expenses on the Client's behalf, and the expertise of the Law Offices of R. Bartley Halloran in handling cases of this nature, the Client hereby knowingly waives the statutory fee limits. In no event, will the fee exceed thirty-three and one third percent (33 1/3 %).

V. **REFERRING COUNSEL** - ______________________ is participating counsel in this matter and will share in the fee paid to the Law Offices of R. Bartley Halloran, P.C.

VI. **SERVICES** - This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, and appeals.

VII. **DISPUTES** - Any disagreements which arise between the Law Offices of R. Bartley Halloran, P.C. and the Client, with respect to fees and costs and expenses due, shall be settled by binding arbitration.

Dated at Long Meadow this 21 day of July, 1997.

**THE LAW OFFICES OF**
**R. BARTLEY HALLORAN**

______________________

**THE CLIENT**

Barbara Cardo Allen

# EXHIBIT A

Connecticut General Statutes Section 52-251c

33 1/3% of the first $300,000.00
25% of the next $300,000.00
20% of the next $300,000.00
15% of the next $300,000.00
10% of any amount in excess of $1,200,000.00

# EXHIBIT TWO

MAR 18 2005 15:24 FR ST. PAUL CO. 973 994 2513 TO 916176462222 P.16/18

IV. **WAIVER** - There is a statute which sets forth fee limits in contingent fee contracts, which limits are set forth in attached Exhibit A. The law allows voluntary waiver of this statute. In view of the complex nature of this case, the expense involved in prosecuting this case, the agreement by the Law Offices of R. Bartley to advance all costs and expenses on the Client's behalf, and the expertise of the Law Offices of R. Bartley Halloran in handling cases of this nature, the Client hereby knowingly waives the statutory fee limits. In no event, will the fee exceed thirty-three and one third percent (33 1/3 %).

V. ~~**REFERRING COUNSEL**~~ - ______________________ is participating counsel ~~in this~~ matter and will share in the fee paid to the Law Offices of R. ~~Bartley Halloran~~, P.C.

VI. **SERVICES** - This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, and appeals.

VII. **DISPUTES** - Any disagreements which arise between the Law Offices of R. Bartley Halloran, P.C. and the Client, with respect to fees and costs and expenses due, shall be settled by binding arbitration.

Dated at Long Meadow this 21 day of July, 1997.

THE LAW OFFICES OF
R. BARTLEY HALLORAN

THE CLIENT

______________________

BARBARA CORDI-ALLEN and JOHN ALLEN
INJURIES OF 1/10/97
SETTLEMENT STATEMENT

GROSS SETTLEMENT | | $235,000.00
---|---|---
LESS Attorneys Fees | | (78,333.33)
LESS Disbursements: | |
Edle Enterprises | 9.65 |
Applied Investigative | 705.80 |
Superior Court Clerk | 185.00 |
Frederick E. DiNardi | 35.60 |
Hartford Orthopaedic | 10.23 |
Legal Copy Specialist | 85.51 |
Dr. David Kruger | 250.00 |
QuadraMed Corp. | 35.47 |
ATLA Exchange (research) | 345.00 |
Jeff Blank, PhD | 2,000.00 |
Joseph Cunningham | 800.00 |
Baystate Medical Center | 14.73 |
IKON Office Solutions | 264.26 |
Baystate Medical Center | 25.00 |
Mediation Consultants | 1,000.00 |
Mediation Consultants | 1,000.00 |
Joseph Cunningham | 3,200.00 |
QuadraMed Corp. | 19.15 |
Jeff Blank, PhD | 2,825.00 |
Analytic Resources | 1,000.00 |
Niziankiewicz and Miller | 229.97 |
Joe Cunningham | 550.00 |
Connecticut Law Tribune | 43.85 |
Federal Express | 11.00 |
David Richlin, MD | 1,750.00 |
Associated Reporter | 604.00 |
Federal Express | 12.75 |
Niziankiewicz and Miller | 210.62 |
Airline Expenses (California) | 2,623.50 |
Hotel & Lodging (California) | 477.53 |
Douglas Merrill, MD | 1,751.00 |
Aiken and Welch | 674.50 |
Steven Selden, MD | 1,500.00 |
David Richlin, M.D. | 600.00 |
Niziankiewicz and Miller | 224.99 |
Associated Reporter | 891.00 |

| | | |
|---|---|---|
| Kenneth Selig, MD | 675.00 | |
| Mediation Consultants | 700.00 | |
| Niziankiewicz and Miller | 471.70 | |
| CVS | 6.00 | |
| Orthopedic Associates | 50.00 | |
| Pain Management | 150.00 | |
| CVS | 6.00 | |
| Pain Management | 1,000.00 | |
| Federal Express | 11.33 | |
| QuadraMed Corp. | 16.83 | |
| QuadraMed Corp. | 15.25 | |
| A.D.M. Associates | 354.00 | |
| Mediation Consultants | 525.00 | |
| | | (29,946.22) |

LESS Repayment of Workers Compensation lien (126,720.45)

NET PROCEEDS TO CLIENTS

I instruct my attorney R. Bartley Halloran not to pay the above listed amounts until further order of the compensation commission or the court.

We hereby agree to the above settlement amount, attorneys fees, disbursements and net figure to ourselves. We believe said amounts to be fair, just and reasonable.

We also agree to be responsible for any outstanding medical bills which have not been paid in connection with this matter which are not outlined above.

Dated this ___ day of ______________, 2000.

Barbara Cordi Allen

Barbara Cordi-Allen

John Allen

John Allen

I, R. Bartley Halloran guarantee that no attorneys fees payments will be paid or charged to Barbara Cordi Allen or John Allen. Barbara Cordi Allen & John Allen are & will not be responsible

TOTAL P.17

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-1225

Barbara Cooli-Allen, John Allen, PLAINTIFF(S)

V.

R. Bartley Halloran, R. Bartley Halloran P.C., DEFENDANT(S)

## SUMMONS

To the above named defendant:

You are hereby summoned and required to serve upon Paul Revere, III, plaintiff's attorney, whose address is 226 River View Ln., Centerville, MA 02632, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, ESQUIRE [redacted] Springfield the 16th day of March in the year of our Lord two thousand ~~four~~ five

Marie G. Mazza
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on __________, 2004 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

______________________________

______________________________

______________________________

______________________________

______________________________

Dated:______________________, 2004

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

______________________________
( )
( , 2004 )
(______________________________)

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO. 04-1225

Barbara Cordi-Allen and John Allen
Plaintiffs

v.

R. Bartley Halloran and
R. Bartley Halloran, P.C.
Defendants

**PROOF OF SERVICE AFFIDAVIT OF PAUL REVERE, III**

1. I, Paul Revere, III, Esq., make this affidavit based upon my personal knowledge and, if sworn as a witness, I can testify to the facts stated herein.

2. R. Bartley Halloran and R. Bartley Halloran, P.C., are residents of the State of Connecticut with an address of 74 Batterson Park Road, Farmington, Connectivut 06032.

3. Under M.G.L. ch. 223A, Sec. 6(a), service outside of the commonwealth of Massachusetts "may be made: . . . (3) by any form of mail addressed to the person to be served and requiring a signed receipt; . . . ."

4. M.G.L. ch. 223A, Sec. 6(b) provides that "Proof of service outside this commonwealth may be made by affidavit of the individual who made the service . . . . When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the

court."

5.    I served upon each of the Defendants by mailing via certified mail return receipt requested by first class mail on March 10, 2005, and by overnight mail on March 16, 2005, by delivering a copy of the complaint in this matter and a summons to each of the Defendants, at 74 Batterson Park Road, Farmington, Connectivut 06032, in accordance with M.G.L. ch. 223A, Sec. 6(a)(3).

6.    The original certified mail receipt from the U.S. Post Office for such service showing receipt is attached as Exhibit One.

Signed under pains and penalties of perjury.

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02630
(508) 778-7126

Date: March 21, 2005

# EXHIBIT ONE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R. Bartley Halloran
R. Bartley Halloran, P.C.
74 Batterson Park Rd.
Farmington, CT 06032

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee
X J. Pavlowski

B. Received by (*Printed Name*) J. BARLowSKi

C. Date of Delivery 3/14/05.

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number (*Transfer from service label*) 7003 3110 0000 5874 3372

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Barbara Cordi-Allen and John Allen

**(b)** County of Residence of First Listed Plaintiff: Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

05-30083-MAP

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul Revere, III, 226 Riverview Lane, Centerville, MA 02632

**DEFENDANTS**
R. Bartley Halloran and R. Bartley Halloran, P.C.

County of Residence of First Listed Defendant: Farmington, Connecticut
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Kenneth P. Small and Jill M. Brannelly, Sherin and Lodgen, LLP, 101 Federal Street, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: 28 U.S.C. 1446

Brief description of cause: Complaint alleges breach of contract and breach of fiduciary duty claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 1/5/05

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Barbara Cordi-Allen v. R. Bartley Halloran

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

05 - 30083 - MAP

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ] NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ] NO [✓]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ] NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ] NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [✓] NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [ ] Central Division [ ] Western Division [✓]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ] Central Division [ ] Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ] NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Kenneth P. Small and Jill M. Brannelly

ADDRESS Sherin and Lodgen, LLP, 101 Federal Street, Boston, MA 02110

TELEPHONE NO. 617.646.2000