UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, </br></br>Plaintiffs, </br></br>v. </br></br>R. BARTLEY HALLORAN and R. BARTLEY HALLORAN, P.C., </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) CIVIL ACTION NO. 05-30083-MAP </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ANSWER

Defendants, R. Bartley Halloran and R. Bartley Halloran, P.C. (collectively "Halloran") answer the numbered paragraphs of the Complaint as follows:

### First Defense

1. Paragraph No. 1 entitled "Introduction," requires no answer as it merely purport to describe the plaintiffs' alleged causes of action. To the extent that this paragraph require a response, Halloran denies the allegations contained in this paragraph.

2. This paragraph sets forth conclusions of law to which no response is required.

3. Halloran lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

4. Halloran lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

5. Admitted.

6. Admitted.

7. Admitted.

8. Halloran admits that Barbara Cordi-Allen alleges that the accident occurred in the course of her employment.

9. Denied.

10. Halloran admits that he was retained to represent Barbara Cordi-Allen in certain claims. Halloran denies the remaining allegations contained in this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Halloran denies the allegations contained in this paragraph as characterizations of a written document which speaks for itself.

15. Admitted.

16. Admitted.

17. Halloran denies the allegations contained in this paragraph as characterizations of a written document which speaks for itself.

18. Denied.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Halloran admits that he agreed to represent Ms. Cordi-Allen in her workers'

compensation claim but denies the remaining allegations contained in this paragraph as characterizations of a written document which speaks for itself.

26. Admitted

26. [sic] Denied.

27. Denied.

28. Admitted.

29. Denied.

30. Halloran repeat their answers to Paragraphs Nos. 1 through 29 and incorporates them herein.

31. Denied.

32. Denied.

33. Denied.

34. Halloran repeat their answers to Paragraphs Nos. 1 through 33 and incorporates them herein.

35. Denied.

36. Admitted.

37. Denied.

38. Halloran repeat their answers to Paragraphs Nos. 1 through 37 and incorporates them herein.

39. This paragraph sets forth conclusions of law to which no response is required.

40. Halloran denies that he was involved in other transactions with parties to the litigation and workers compensation claims. Halloran denies any remaining allegations contained in this paragraph.

41. Denied.

42. Denied.

## Second Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

## Third Defense

Any injury or damages alleged by plaintiffs were caused in whole or in part by the acts or omissions of others for whose conduct Halloran is not responsible, were the result of pre-existing or intervening or superseding events, factors, occurrences, or conditions, which were not caused by Halloran and for which Halloran is not liable, and were not proximately caused by any acts or omissions of Halloran.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## Sixth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation and repose.

## Seventh Defense

Plaintiffs' claims are barred because they failed to mitigate its alleged damages.

## Eighth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## Ninth Defense

Plaintiffs' claims are barred because Halloran satisfied any and all obligations that they had to the Plaintiffs.

**Tenth Defense**

Plaintiffs are barred from any recovery by their own acts and conduct.

**Eleventh Defense**

The plaintiffs are barred from relief through their own negligence.

**WHEREFORE**, Halloran requests that the Court:

(1)     enter judgment dismissing the Complaint against it with prejudice;

(2)     award Halloran their reasonable attorneys' fees and expenses; and

(3)     grant such other and further relief as the Court may deem just and equitable.

<u>JURY DEMAND</u>

Halloran demands a trial by jury on all issues so properly triable.

>R. BARTLEY HALLORAN and R. BARTLEY HALLORAN, P.C.,
>
>By their attorneys,
>
> /s/ Kenneth D. Small
>Kenneth D. Small BBO #567868
>Jill M. Brannelly BBO #655474
>Sherin and Lodgen LLP
>101 Federal Street
>Boston, Massachusetts 02110
>(617) 646-2000

Dated:  April 11, 2005

5

00061379.DOC / 2