**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2004-01225
## Cordi-Allen et al v Halloran et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/23/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 04/11/2005 | **Session** | B - Civil B - CtRm 5 | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/23/2005 | **Answer** | 05/22/2005 | **Rule12/19/20** | 05/22/2005 |
| **Rule 15** | 05/22/2005 | **Discovery** | 10/19/2005 | **Rule 56** | 11/18/2005 |
| **Final PTC** | 12/18/2005 | **Disposition** | 02/16/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Barbara Cordi-Allen
Active 12/23/2004

**Private Counsel 636200**
Paul Revere III
226 River View Lane
Centerville, MA 02630
Phone: 508-778-7126
Fax: 508-778-7126
Active 12/23/2004 Notify

**Plaintiff**
John Allen
Active 12/23/2004

*** See Attorney Information Above ***

**Defendant**
R Bartley Halloran
Served: 03/14/2005
Served (answr pending) 03/24/2005

**Private Counsel 567868**
Kenneth D Small
Sherin and Lodgen LLP
100 Summer Street
28th floor
Boston, MA 02110
Phone: 617-646-2000
Fax: 617-646-2222
Active 04/11/2005 Notify

**Private Counsel 655474**
Jill M Brannelly
Melick Porter & Shea LLP
28 State Street
Boston, MA 02109
Phone: 617-523-6200
Fax: 617-523-8130
Active 04/11/2005 Notify

**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## HDCV2004-01225
### Cordi-Allen et al v Halloran et al

| Defendant | Private Counsel 567868 |
|---|---|
| R Bartley Halloran P C<br>Served: 03/14/2005<br>Served (answr pending) 03/24/2005 | Kenneth D Small<br>Sherin and Lodgen LLP<br>100 Summer Street<br>28th floor<br>Boston, MA 02110<br>Phone: 617-646-2000<br>Fax: 617-646-2222<br>Active 04/11/2005 Notify |
|  | **Private Counsel 655474**<br>Jill M Brannelly<br>Melick Porter & Shea LLP<br>28 State Street<br>Boston, MA 02109<br>Phone: 617-523-6200<br>Fax: 617-523-8130<br>Active 04/11/2005 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/23/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 12/23/2004 |  | Origin 1, Type A01, Track F. |
| 03/24/2005 | 2.0 | Affidavit of compliance with long-arm statute with proof of service |
|  |  | on out of state defendant R Bartley Halloran, R Bartley Halloran P C |
| 04/11/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
31st day of May, 2005

Lisa M Dunham
Deputy Asst Clerk

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO. 04-1225

```
                                    )
Barbara Cordi-Allen and John Allen  )
                                    )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
R. Bartley Halloran and             )
R. Bartley Halloran, P.C.           )
        Defendants                  )
                                    )
```

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC 23 2004

CLERK-MAGISTRATE

## COMPLAINT

## I. INTRODUCTION

1.    By this action, the Plaintiffs, Barbara Cordi-Allen and John Allen (sometimes collectively the "Allens") who at all relevant times were residents of the commonwealth of Massachusetts seek to recover damages in excess of $25,000 caused by Defendants breach of contract to represent them in legal proceedings and a worker's compensation matter in the State of Connecticut and breach of fiduciary duties..

## II. JURISDICTION

2.    This court has jurisdiction pursuant to M.G.L. ch. 212, Sec. 4.

## III. PARTIES

3.    Plaintiff Barbara Cordi-Allen is a person who has an address of 143 Ardsley



No. of Pltfs. ___ 2
Fee Paid - $ ___ 240.00 ___ Cash - Check
Surcharge Paid - $ ___ 15.00 ___ Cash - Check
Security Fee - Paid - $ 20.00 ___ Cash - Check
Received by ___ SC

*1*

Road, Longmeadow, Massachusetts 01106.

4.     Plaintiff John Allen is a person who has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

5.     Defendant R. Bartley Halloran is a person who has a business address of 74 Batterson Park Road, Farmington, Connecticut 06032.

6.     Defendant R. Bartley Halloran, P.C., is a professional corporation controlled by R. Bartley Halloran and has an address of 74 Batterson Park Road, Farmington, Connecticut 06032.

## IV.  BREACH OF CONTRACT COUNT

7.     On or about January 10, 1997, Barbara Cordi-Allen was injured in an elevator accident in a building owned by the City of Hartford (the "Accident").

8.     The accident was alleged to have occurred in the course of her employment.

9.     On or about July 21, 1997, the Allens engaged R. Bartley Halloran of R. Bartley Halloran, P.C. (collectively "Halloran"), to represent her in claims against certain parties arising out of the Accident including a claim against the City of Hartford on behalf of John Allen.

10.    Halloran was hired to pursue the claims of the Allens against all liable parties.

2

11.    Halloran brought an action against various parties in the name of Barbara Cordi-Allen including a subsidiary of United Technologies.

12.    No action has ever been brought against the City of Hartford on behalf of John Allen.

13.    A copy of the retainer agreement which provided for legal fees to be paid on a contingent basis is attached as Exhibit One.

14.    Pursuant to the agreement, "fees of thirty-three and one third percent (33 1/3%) of the recovery whether by way of settlement or award, **after deduction of liens, costs and expenses including payback of any Worker's Compensation benefits**" were to be paid to Halloran

15.    A settlement agreement was reached with the defendants, including the subsidiary of United Technologies Corporation.

16.    The gross settlement amount was $235,000.00.

17.    As an accounting of the settlement, Halloran presented a statement in which he received a fee of $78,333.33 which is equal to thirty three and one third percent of the gross recovery, not the recovery after payment of "liens, costs and expenses." Copy attached as Exhibit Two.

18.    This accounting was inconsistent with the terms of the Agreement as the attorneys fee was based upon 1/3 of the gross settlement, not the settlement after

*3*

deductions for "liens, costs and expenses."

19.    In addition, $29,946.22 of the settlement was withheld as payment for "disbursements" and $126,720.45 for repayment of the "worker's compensation lien."

20.    These sums, in combination with the $78,333.33 attorneys fee, resulted in the Allens receiving $0 from the settlement.

21.    The settlement benefited Halloran, but not the Allens.

22.    If the terms of the settlement agreement were followed and the worker's compensation lien was paid in full, Halloran would have been entitled to $26,111.11 and the Allens entitled to $52,222.22.

23.    The miscalculation of the settlement distribution resulted in a net transfer of $52,222.22 from the Allens to Halloran.

24.    The Allens are entitled to $52,222.22 from Halloran based upon the miscalculation of the fees.

25.    Halloran also agreed to take on Ms. Cordi-Allens worker's compensation claim and also "guarantee[d] that no attorneys fee payments will be charged to Barbara and John Allen. . . and [they] will not be responsible for attorneys fees or expenses for the worker's comp. case." *See* Exhibit Two.

26.    Within a few months after the settlement, Halloran moved over Cordi-Allens

*4*

objections to be removed as counsel in the worker's compensation claim.

26.    By withdrawing as counsel, Halloran breached the agreement to represent Barbara Cordi-Allen in the worker's compensation proceeding.

27.    At the time which he represented the Allens, Halloran was involved in negotiating an agreement with United Technologies Corporation ("UTC") regarding naming rights for a football stadium at Adriaen's Landing as part of his work with the Capital City Economic Development Authority.

28.    Halloran never informed the Allens of his contacts with UTC.

29.    The settlement obtained on behalf of the Allens was negligible when compared to the injuries suffered by Barbara Cordi-Allen in the Accident.

## Count I
### Breach of Contract -- Settlement

30.    The Allens repeat the allegations in paragraphs 1 through 29 set forth above and further allege as follows.

31.    The division of the settlement pursuant to the accounting provided by Halloran was inconsistent with the terms of the retainer agreement.

32.    Failure to distribute the funds from the settlement in accordance with the retainer agreement constituted a breach of the retainer agreement.

5

33.   The Allens have been damaged in the amount of at least 52,222.22 by such breach.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $52,222.22.

## Count II
### Breach of Contract -- Failure to Represent

34.   The Allens repeat the allegations in paragraphs 1 through 33 set forth above and further allege as follows.

35.   Halloran agreed to represent Barbara Cordi-Allen in her worker's compensation proceeding at no cost to her.

36.   Halloran over the objections of Cordi-Allen terminated his representation.

37.   Barbara Cordi-Allen was damaged as she had to obtain other counsel.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00

## Count III
### Breach of Fiduciary Duty

38.   The Allens repeat the allegations in paragraphs 1 through 37 set forth above and further allege as follows.

39.    Halloran owed a duty of utmost faith and loyalty in his representation of the Allens.

40.    Halloran failed to disclose that he was involved in other transactions with numerous parties to the Allens litigation and worker's compensation claim including the subsidiary of United Technologies and Traveler's Insurance.

41.    Halloran owed a duty to disclose these relationships because they were conflicts of interest and/or created the appearance of impropriety.

42.    The failure to disclose these conflicts constituted a breach of the fiduciary relationship and the conflicts made it impossible for Halloran to appropriately represent the Allens interests.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00.

## Jury Demand

Plaintiffs request a trial by jury.

Respectfully Submitted,

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02632
(508)778-7126

Dated: December 21, 2004

A true copy:

Attest:

Deputy    Assistant Clerk

**EXHIBIT ONE**

# LAW OFFICES OF R. BARTLEY HALLORAN, P.C.
ONE LEWIS STREET
HARTFORD, CONNECTICUT 06103

R. BARTLEY HALLORAN
HENRY K. SNYDER*

*Also admitted in New York

TELEPHONE (860) 493-1923
FACSIMILE (860) 493-1924

## RETAINER AGREEMENT

I. **PARTIES** - I, _Barbara Cordi-Allen_ , (hereafter the
"Client") retain the Law Offices of R. Bartley Halloran, P.C. to
investigate, and, if warranted, to represent me in a claim or
claims against any party or parties arising out of the following
incident: _Crush    injury to right foot  1/10/97_.
_left_

II. **FEES** - The Client agrees that the Law Offices of R. Bartley
Halloran, P.C. shall receive fees of thirty-three and one third
percent (33 1/3 %) of the recovery whether by way of settlement or
award, after deduction of liens, costs and expenses, including
payback of any Workers' Compensation benefits.   The Client
authorizes the Law Offices of R. Bartley Halloran, P.C. to deduct
said fees, liens, costs and expenses out of monies received from
said party or parties.  If all or any part of the settlement or
award is to be paid in installments (a "structured settlement") the
fee shall be based upon the present cost of such settlement or
award; all fees, liens, costs and expenses will be paid from the
first monies received.

It is agreed that this employment is on a contingent fee
basis.  If no recovery is made, the client shall not owe the Law
Offices of R. Bartley Halloran, P.C. any sum as attorneys' fees.

III. **COSTS AND EXPENSES** - Costs and expenses include court fees,
investigation expenses, expert fees, and all other disbursements
incurred in the prosecution or settlement of this action.  The Law
Offices of R. Bartley Halloran, P.C. agrees to advance all out-of-
pocket costs and expenses in connection with this litigation.  Upon
settlement of the case the Law Offices of R. Bartley Halloran, P.C.
is authorized to deduct these costs and expenses from any
settlement or award after the legal fee has been deducted.

IV. **WAIVER** - There is a statute which sets forth fee limits in contingent fee contracts, which limits are set forth in attached Exhibit A. The law allows voluntary waiver of this statute. In view of the complex nature of this case, the expense involved in prosecuting this case, the agreement by the Law Offices of R. Bartley to advance all costs and expenses on the Client's behalf, and the expertise of the Law Offices of R. Bartley Halloran in handling cases of this nature, the Client hereby knowingly waives the statutory fee limits. In no event, will the fee exceed thirty-three and one third percent (33 1/3 %).

V. <u>REFERRING COUNSEL</u> . _____ is participating counsel in this matter and will share in the fee paid to the Law Offices of R. Bartley Halloran, P.C.

VI. **SERVICES** - This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, and appeals.

VII. **DISPUTES** - Any disagreements which arise between the Law Offices of R. Bartley Halloran, P.C. and the Client, with respect to fees and costs and expenses due, shall be settled by binding arbitration.

Dated at ___*Long Meadow*___ this _21_ day of _*July*___, 1997.

**THE LAW OFFICES OF
R. BARTLEY HALLORAN**                    **THE CLIENT**


_____                    *Barbara Cade Allen*

# EXHIBIT A

Connecticut General Statutes Section 52-251c

33 1/3% of the first $300,000.00
25% of the next $300,000.00
20% of the next $300,000.00
15% of the next $300,000.00
10% of any amount in excess of $1,200,000.00

**EXHIBIT TWO**

BARBARA CORDI-ALLEN and JOHN ALLEN
INJURIES OF 1/10/97
SETTLEMENT STATEMENT

GROSS SETTLEMENT

$235,000.00

LESS Attorneys Fees

(78,333.33)

LESS Disbursements:

| | |
|---|---|
| Edle Enterprises | 9.65 |
| Applied Investigative | 705.80 |
| Superior Court Clerk | 185.00 |
| Frederick E. DiNardi | 35.60 |
| Hartford Orthopaedic | 10.23 |
| Legal Copy Specialist | 85.51 |
| Dr. David Kruger | 250.00 |
| QuadraMed Corp. | 35.47 |
| ATLA Exchange (research) | 345.00 |
| Jeff Blank, PhD | 2,000.00 |
| Joseph Cunningham | 800.00 |
| Baystate Medical Center | 14.73 |
| IKON Office Solutions | 264.26 |
| Baystate Medical Center | 25.00 |
| Mediation Consultants | 1,000.00 |
| Mediation Consultants | 1,000.00 |
| Joseph Cunningham | 3,200.00 |
| QuadraMed Corp. | 19.15 |
| Jeff Blank, PhD | 2,825.00 |
| Analytic Resources | 1,000.00 |
| Niziankiewicz and Miller | 229.97 |
| Joe Cunningham | 550.00 |
| Connecticut Law Tribune | 43.85 |
| Federal Express | 11.00 |
| David Richlin, MD | 1,750.00 |
| Associated Reporter | 604.00 |
| Federal Express | 12.75 |
| Niziankiewicz and Miller | 210.62 |
| Airline Expenses (California) | 2,623.50 |
| Hotel & Lodging (California) | 477.53 |
| Douglas Merrill, MD | 1,751.00 |
| Aiken and Welch | 674.50 |
| Steven Selden, MD | 1,500.00 |
| David Richlin, M.D. | 600.00 |
| Niziankiewicz and Miller | 224.99 |
| Associated Reporter | 891.00 |

| | |
|---|---|
| Kenneth Selig, MD | 675.00 |
| Mediation Consultants | 700.00 |
| Niziankiewicz and Miller | 471.70 |
| CVS | 6.00 |
| Orthopedic Associates | 50.00 |
| Pain Management | 150.00 |
| CVS | 6.00 |
| Pain Management | 1,000.00 |
| Federal Express | 11.33 |
| QuadraMed Corp. | 16.83 |
| QuadraMed Corp. | 15.25 |
| A.D.M. Associates | 354.00 |
| Mediation Consultants | 525.00 |

(29,946.22)

LESS Repayment of Workers Compensation lien

*I instruct my attorney R Buddy Halloran, not to*        (126,720.45)

NET PROCEEDS TO CLIENTS

*pay the above listed amount until further order of the*

We hereby agree to the above settlement amount, attorneys fees,
disbursements and net figure to ourselves. We believe said amounts
to be fair, just and reasonable.

We also agree to be responsible for any outstanding medical
bills which have not been paid in connection with this matter which
are not outlined above.

Dated this ___ day of _____, 2000.

*Compensation Commissioner or the court.*

*Barbara Cordi Allen*
Barbara Cordi-Allen

*John Allen*
John Allen

*I, R Buddy Halloran*
*guarantee that no attorneys fee*
*payment will be paid, or*
*charged to Barbara Cordi Allen or John*
*Allen. Barbara Cordi Allen + John*
*Allen are + will not be responsible*
*for other and lessor expenses for the*

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1523 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S)
Barbara Cordi-Allen, John Allen

DEFENDANT(S) R. Bartley Halloran
R. Bartley Halloran, P.C.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Paul Revere, III
226 River View Lw, Centerville, MA 02632
Board of Bar Overseers number: 636200    508-778-7126

ATTORNEY (if known)

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC 23 2004

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal C.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)   TRACK     IS THIS A JURY CASE?

A01     Contract     (F)     (X) Yes     ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                            Subtotal $ . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . $ . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . $ . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
F. Other documented items of damages (describe) . . . . . . . . . . . . . . . . . $ . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Breach of Fiduciary Duty; Loss of Value of Lawsuit

$ 250,000
TOTAL $ 250,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 52,222.22

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____     DATE: 12/21/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

1.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

BARBARA CORDI-ALLEN and )
JOHN ALLEN, )
) Civil Action No. _____
Plaintiffs, )

U.S. DISTRICT COURT
DISTRICT OF MA

# 05 - 3 0 0 8 3 - MAP

)
v. )
)
R. BARTLEY HALLORAN and )
R. BARTLEY HALLORAN, P.C. )
)
Defendant. )
_____ )

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

APR 1 1 2005

CLERK-MAGISTRATE

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendants R. Bartley Halloran and R. Bartley Halloran,

P.C. (collectively "Halloran") hereby notice the removal of the above-captioned action from the

Superior Court of the Commonwealth of Massachusetts, Hampden County, Civil Action No. 04-

01225 (the "State Court Action). In support thereof, Halloran states the following:

1.      On or about December 23, 2004, Plaintiffs Barbara Cordi-Allen and John Allen

(the "Allens") filed a Complaint in the State Court Action.

2.      On or about March 14, 2005, a Summons and a copy of the Complaint was served

upon Halloran.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      Attached hereto as Exhibit 1 is a copy of the Civil Action Cover Sheet.  Attached

hereto as Exhibit 2 is a copy of the Complaint.  Attached as Exhibit 3 hereto is a copy of the

Summons with Proof of Service Affidavit of Paul Revere, III.  These documents constitute all of

the papers and pleadings served in the State Court Action.

I hereby certify on _4/6/05_ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on___
☑ original filed in my office on _4/5/05_
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

00059092.DOC /

3

5.     As of the date of the filing of this Notice of Removal, no further proceedings have

been had in the Superior Court in the State Court Action.

6.     The Complaint alleges claims for damages for breach of contract, and breach of

fiduciary duty.

7.     This Court has jurisdiction over the above-described action pursuant to 28 U.S.C.

§ 1332 because:

    (a)     The Allens are, and at the time this action was filed were; Massachusetts
        residents residing at 143 Ardsley Road, Longmeadow, Massachusetts.

    (b)     R. Bartley Halloran has, and at the time this action was filed, had a usual
        place of business at 74 Batterson Park Road, Farmington, Connecticut.

    (c)     R. Bartley Halloran, P.C. is, and at the time this action was filed was, a
        professional corporation with a principal place of business at 74 Batterson
        Park Road, Farmington, Connecticut.

    (d)     The amount in controversy exceeds $75,000, exclusive of interest and
        costs.

8.     Halloran will promptly file a copy of this Notice of Removal with the Clerk of the

Superior Court of the Commonwealth of Massachusetts, Hampden County, and will give written

notice of the removal to the Allens through their attorney of record in the State Court Action.

9.     Pursuant to Local Rule 81.1, Halloran will file, within thirty days of filing this

Notice, certified copies of all records and proceedings in the State Court Action and a certified

copy of all docket entries in the State Court Action.

00059092.DOC /

WHEREFORE, Defendants R. Bartley Halloran and R. Bartley Halloran, P.C. request

that the action pending against them in the Superior Court of Hampden County, Commonwealth

of Massachusetts, Civil Action No. 04-01225, be removed to this court.

R. Bartley Halloran and R. Bartley Halloran, P.C.
By their attorneys,

Kenneth D. Small, (BBO# 567868)
Jill M. Brannelly, (BBO# 655474)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: March 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s)
of record for each party by hand/mail.

DATE: <u>March 31, 2005</u>

Kenneth D. Small

A true copy!

Attest:

Assistant Clerk

Deputy

00059092.DOC /

-3-

1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1225 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S)
Barbara Cordi-Allen, John Allen

DEFENDANT(S) R. Bartley Hallorew
R. Bartley Hallorew, P.C.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Paul Revere, III, Centerville, MA 02632
226 River View Ln,        508-778-7126
Board of Bar Overseers number: 636200

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

A01    Contract    (F)    (X) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
Subtotal $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)
$. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Breach of Fiduciary Duty; Loss of Value of Lawsuit

$250,000 . . . . .
TOTAL $ 250,000 . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. 53,22222

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12/21/04

2

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                    SUPERIOR COURT
                                               CIVIL ACTION NO.

```
                              )
Barbara Cordi-Allen and John Allen  )
                              )
        Plaintiffs            )
                              )
v.                            )
                              )
R. Bartley Halloran and       )
R. Bartley Halloran, P.C.     )
        Defendants            )
                              )
```

## COMPLAINT

### I. INTRODUCTION

1.    By this action, the Plaintiffs, Barbara Cordi-Allen and John Allen (sometimes collectively the "Allens") who at all relevant times were residents of the commonwealth of Massachusetts seek to recover damages in excess of $25,000 caused by Defendants breach of contract to represent them in legal proceedings and a worker's compensation matter in the State of Connecticut and breach of fiduciary duties..

### II. JURISDICTION

2.    This court has jurisdiction pursuant to M.G.L. ch. 212, Sec. 4.

### III. PARTIES

3.    Plaintiff Barbara Cordi-Allen is a person who has an address of 143 Ardsley

1

Road, Longmeadow, Massachusetts 01106.

4.    Plaintiff John Allen is a person who has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

5.    Defendant R. Bartley Halloran is a person who has a business address of 74 Batterson Park Road, Farmington, Connecticut 06032.

6.    Defendant R. Bartley Halloran, P.C., is a professional corporation controlled by R. Bartley Halloran and has an address of 74 Batterson Park Road, Farmington, Connecticut 06032.

## IV. BREACH OF CONTRACT COUNT

7.    On or about January 10, 1997, Barbara Cordi-Allen was injured in an elevator accident in a building owned by the City of Hartford (the "Accident").

8.    The accident was alleged to have occurred in the course of her employment.

9.    On or about July 21, 1997, the Allens engaged R. Bartley Halloran of R. Bartley Halloran, P.C. (collectively "Halloran"), to represent her in claims against certain parties arising out of the Accident including a claim against the City of Hartford on behalf of John Allen.

10.    Halloran was hired to pursue the claims of the Allens against all liable parties.

2

11.    Halloran brought an action against various parties in the name of Barbara Cordi-Allen including a subsidiary of United Technologies.

12.    No action has ever been brought against the City of Hartford on behalf of John Allen.

13.    A copy of the retainer agreement which provided for legal fees to be paid on a contingent basis is attached as Exhibit One.

14.    Pursuant to the agreement, "fees of thirty-three and one third percent (33 1/3%) of the recovery whether by way of settlement or award, <u>after deduction of liens, costs and expenses including payback of any Worker's Compensation benefits</u>" were to be paid to Halloran

15.    A settlement agreement was reached with the defendants, including the subsidiary of United Technologies Corporation.

16.    The gross settlement amount was $235,000.00.

17.    As an accounting of the settlement, Halloran presented a statement in which he received a fee of $78,333.33 which is equal to thirty three and one third percent of the gross recovery, not the recovery after payment of "liens, costs and expenses." Copy attached as Exhibit Two.

18.    This accounting was inconsistent with the terms of the Agreement as the attorneys fee was based upon 1/3 of the gross settlement, not the settlement after

3

deductions for "liens, costs and expenses."

19.    In addition, $29,946.22 of the settlement was withheld as payment for "disbursements" and $126,720.45 for repayment of the "worker's compensation lien."

20.    These sums, in combination with the $78,333.33 attorneys fee, resulted in the Allens receiving $0 from the settlement.

21.    The settlement benefited Halloran, but not the Allens.

22.    If the terms of the settlement agreement were followed and the worker's compensation lien was paid in full, Halloran would have been entitled to $26,111.11 and the Allens entitled to $52,222.22.

23.    The miscalculation of the settlement distribution resulted in a net transfer of $52,222.22 from the Allens to Halloran.

24.    The Allens are entitled to $52,222.22 from Halloran based upon the miscalculation of the fees.

25.    Halloran also agreed to take on Ms. Cordi-Allens worker's compensation claim and also "guarantee[d] that no attorneys fee payments will be charged to Barbara and John Allen. . . and [they] will not be responsible for attorneys fees or expenses for the worker's comp. case." See Exhibit Two.

26.    Within a few months after the settlement, Halloran moved over Cordi-Allens

4

objections to be removed as counsel in the worker's compensation claim.

26.    By withdrawing as counsel, Halloran breached the agreement to represent Barbara Cordi-Allen in the worker's compensation proceeding.

27.    At the time which he represented the Allens, Halloran was involved in negotiating an agreement with United Technologies Corporation ("UTC") regarding naming rights for a football stadium at Adriaen's Landing as part of his work with the Capital City Economic Development Authority.

28.    Halloran never informed the Allens of his contacts with UTC.

29.    The settlement obtained on behalf of the Allens was negligible when compared to the injuries suffered by Barbara Cordi-Allen in the Accident.

## Count I
### Breach of Contract -- Settlement

30.    The Allens repeat the allegations in paragraphs 1 through 29 set forth above and further allege as follows.

31.    The division of the settlement pursuant to the accounting provided by Halloran was inconsistent with the terms of the retainer agreement.

32.    Failure to distribute the funds from the settlement in accordance with the retainer agreement constituted a breach of the retainer agreement.

5

33.    The Allens have been damaged in the amount of at least 52,222.22 by such breach.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $52,222.22.

## Count II
### Breach of Contract -- Failure to Represent

34.    The Allens repeat the allegations in paragraphs 1 through 33 set forth above and further allege as follows.

35.    Halloran agreed to represent Barbara Cordi-Allen in her worker's compensation proceeding at no cost to her.

36.    Halloran over the objections of Cordi-Allen terminated his representation.

37.    Barbara Cordi-Allen was damaged as she had to obtain other counsel.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00

## Count III
### Breach of Fiduciary Duty

38.    The Allens repeat the allegations in paragraphs 1 through 37 set forth above and further allege as follows.

6

39.    Halloran owed a duty of utmost faith and loyalty in his representation of the Allens.

40.    Halloran failed to disclose that he was involved in other transactions with numerous parties to the Allens litigation and worker's compensation claim including the subsidiary of United Technologies and Traveler's Insurance.

41.    Halloran owed a duty to disclose these relationships because they were conflicts of interest and/or created the appearance of impropriety.

42.    The failure to disclose these conflicts constituted a breach of the fiduciary relationship and the conflicts made it impossible for Halloran to appropriately represent the Allens interests.

WHEREFORE, Allens request that this court enter judgment in their favor on the Count I in this Complaint and award damages in excess of $25,000.00.

7

## Jury Demand

Plaintiffs request a trial by jury.

Respectfully Submitted,

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02632
(508)778-7126

Dated: December 21, 2004

8

# EXHIBIT ONE

# LAW OFFICES OF R. BARTLEY HALLORAN, P.C.
## ONE LEWIS STREET
### HARTFORD, CONNECTICUT 06103

R. BARTLEY HALLORAN
HENRY K. SNYDER*

*Also admitted in New York ,

TELEPHONE (860) 493-1923
FACSIMILE (860) 493-1924

## RETAINER AGREEMENT

**I.    PARTIES** - I, _Barbara Cordi-Allen_ , (hereafter the "Client") retain the Law Offices of R. Bartley Halloran, P.C. to investigate, and, if warranted, to represent me in a claim or claims against any party or parties arising out of the following incident: _Crush injury to right foot 1/10/97._
_left_

**II.    FEES** - The Client agrees that the Law Offices of R. Bartley Halloran, P.C. shall receive fees of thirty-three and one third percent (33 1/3 %) of the recovery whether by way of settlement or award, after deduction of liens, costs and expenses, including payback of any Workers' Compensation benefits.    The Client authorizes the Law Offices of R. Bartley Halloran, P.C. to deduct said fees, liens, costs and expenses out of monies received from said party or parties.    If all or any part of the settlement or award is to be paid in installments (a "structured settlement") the fee shall be based upon the present cost of such settlement or award; all fees, liens, costs and expenses will be paid from the first monies received.

It is agreed that this employment is on a contingent fee basis.    If no recovery is made, the client shall not owe the Law Offices of R. Bartley Halloran, P.C. any sum as attorneys' fees.

**III. COSTS AND EXPENSES** - Costs and expenses include court fees, investigation expenses, expert fees, and all other disbursements incurred in the prosecution or settlement of this action.    The Law Offices of R. Bartley Halloran, P.C. agrees to advance all out-of-pocket costs and expenses in connection with this litigation.    Upon settlement of the case the Law Offices of R. Bartley Halloran, P.C. is authorized to deduct these costs and expenses from any settlement or award after the legal fee has been deducted.

FROM : Paul Revere III Esq          PHONE NO. : 5087787126          MAR. 29 2005 07:35PM P7

IV.  **WAIVER** - There is a statute which sets forth fee limits in contingent fee contracts, which limits are set forth in attached Exhibit A.  The law allows voluntary waiver of this statute.  In view of the complex nature of this case, the expense involved in prosecuting this case, the agreement by the Law Offices of R. Bartley to advance all costs and expenses on the Client's behalf, and the expertise of the Law Offices of R. Bartley Halloran in handling cases of this nature, the Client hereby knowingly waives the statutory fee limits.  In no event, will the fee exceed thirty-three and one third percent (33 1/3 %).

V.  ~~REFERRING COUNSEL~~ - _____ is participating counsel in this matter and will share in the fee paid to the Law Offices of R. Bartley Halloran, P.C.

VI.  **SERVICES** - This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, and appeals.

VII. **DISPUTES** - Any disagreements which arise between the Law Offices of R. Bartley Halloran, P.C. and the Client, with respect to fees and costs and expenses due, shall be settled by binding arbitration.

Dated at ___Long Meadow___ this _21_ day of _July_, 1997.

**THE LAW OFFICES OF**
**R. BARTLEY HALLORAN**                    **THE CLIENT**


_____                    _Barbara Cado Allen_

## EXHIBIT A

Connecticut General Statutes Section 52-251c

33 1/3% of the first $300,000.00
25% of the next $300,000.00
20% of the next $300,000.00
15% of the next $300,000.00
10% of any amount in excess of $1,200,000.00

# EXHIBIT TWO

9

IV. **WAIVER** - There is a statute which sets forth fee limits in contingent fee contracts, which limits are set forth in attached Exhibit A. The law allows voluntary waiver of this statute. In view of the complex nature of this case, the expense involved in prosecuting this case, the agreement by the Law Offices of R. Bartley to advance all costs and expenses on the Client's behalf, and the expertise of the Law Offices of R. Bartley Halloran in handling cases of this nature, the Client hereby knowingly waives the statutory fee limits. In no event, will the fee exceed thirty-three and one third percent (33 1/3 %).

V. **REFERRING COUNSEL** - _____ is participating counsel in this matter and will share in the fee paid to the Law Offices of R. Bartley Halloran, P.C.

VI. **SERVICES** - This fee agreement applies to all services rendered up to, and including, the award of damages by the trier of fact, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships, and appeals.

VII. **DISPUTES** - Any disagreements which arise between the Law Offices of R. Bartley Halloran, P.C. and the Client, with respect to fees and costs and expenses due, shall be settled by binding arbitration.

Dated at ___Long Meadow___ this _21_ day of __July__, 1997.

THE LAW OFFICES OF                          THE CLIENT
R. BARTLEY HALLORAN


_____          _Barbara Carol Allen_

BARBARA CORDI-ALLEN and JOHN ALLEN
INJURIES OF 1/10/97
SETTLEMENT STATEMENT

GROSS SETTLEMENT                                      $235,000.00

LESS Attorneys Fees

                                                      (78,333.33)

LESS Disbursements:

| | |
|---|---:|
| Edie Enterprises | 9.65 |
| Applied Investigative | 705.80 |
| Superior Court Clerk | 185.00 |
| Frederick E. DiNardi | 35.60 |
| Hartford Orthopaedic | 10.23 |
| Legal Copy Specialist | 85.51 |
| Dr. David Kruger | 250.00 |
| QuadraMed Corp. | 35.47 |
| ATLA Exchange (research) | 345.00 |
| Jeff Blank, PhD | 2,000.00 |
| Joseph Cunningham | 800.00 |
| Baystate Medical Center | 14.73 |
| IKON Office Solutions | 264.26 |
| Baystate Medical Center | 25.00 |
| Mediation Consultants | 1,000.00 |
| Mediation Consultants | 1,000.00 |
| Joseph Cunningham | 3,200.00 |
| QuadraMed Corp. | 19.15 |
| Jeff Blank, PhD | 2,825.00 |
| Analytic Resources | 1,000.00 |
| Niziankiewicz and Miller | 229.97 |
| Joe Cunningham | 550.00 |
| Connecticut Law Tribune | 43.85 |
| Federal Express | 11.00 |
| David Richlin, MD | 1,750.00 |
| Associated Reporter | 604.00 |
| Federal Express | 12.75 |
| Niziankiewicz and Miller | 210.62 |
| Airline Expenses (California) | 2,623.50 |
| Hotel & Lodging (California) | 477.53 |
| Douglas Merrill, MD | 1,751.00 |
| Aiken and Welch | 674.50 |
| Steven Selden, MD | 1,500.00 |
| David Richlin, M.D. | 600.00 |
| Niziankiewicz and Miller | 234.99 |
| Associated Reporter | 891.00 |

```
Kenneth Selig, MD                        675.00
Mediation Consultants                    700.00
Niziankiewicz and Miller                 471.70
CVS                                        6.00
Orthopedic Associates                     50.00
Pain Management                          150.00
CVS                                        6.00
Pain Management                        1,000.00
Federal Express                           11.33
QuadraMed Corp.                           16.83
QuadraMed Corp.                           15.25
A.D.M. Associates                        354.00
Mediation Consultants                    525.00              (29,946.22)
```

LESS Repayment of Workers Compensation lien

*I instruct my attorney R. Betty Hollern, not to*          (126,720.45)

NET PROCEEDS TO CLIENTS

*Pay the above listed amount until further order of the*

We hereby agree to the above settlement amount, attorneys fees,
disbursements and net figure to ourselves. We believe said amounts
to be fair, just and reasonable.

We also agree to be responsible for any outstanding medical
bills which have not been paid in connection with this matter which
are not outlined above.

Dated this ___ day of _____, 2000.

*Compensation Commissioner or the court.*

*Barbara Cordi-Allen*
Barbara Cordi-Allen

*I, R. Betty Hollern*          *John Allen*
                              John Allen

*guarantee that no attorneys fee
payment will be paid or
charged to Barbara Cordi-Allen and/or John
Allen. Barbara Cordi-Allen & John
Allen are & will not be responsible*

TOTAL P.17

3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN**, ss.

<div style="text-align:right">

**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**CIVIL ACTION**
NO.   04-1225

</div>

Barbara Codi-Allen, John Allen        , PLAINTIFF(S)

V.

R. Bartley Halloran, R. Bartley Halloran PC, DEFENDANT(S)

**SUMMONS**

To the above named defendant:

You are hereby summoned and required to serve upon

Paul Revere, Ins.                               , plaintiff's attorney, whose address is

226 RiverView W., Centville, MA 02632, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**BARBARA J. ROUSE, ESQUIRE**

Witness, ███████████████████ Springfield the _____ 16th _____ day of

_____ March _____ in the year of our Lord two thousand four.
five.

*Marie G. Mazza*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

<div style="writing-mode: vertical-rl">

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

</div>

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2004 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____
_____

Dated:_____, 2004

### N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

(_____)
(_____, 2004 )
(_____)

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                    SUPERIOR COURT
                                               CIVIL ACTION NO. 04-1225

---

Barbara Cordi-Allen and John Allen          )
                                            )
            Plaintiffs                      )
                                            )
                                            )
v.                                          )
                                            )
R. Bartley Halloran and                     )
R. Bartley Halloran, P.C.                   )
            Defendants                       )

---

## PROOF OF SERVICE AFFIDAVIT OF PAUL REVERE, III

1.     I, Paul Revere, III, Esq., make this affidavit based upon my personal knowledge and, if sworn as a witness, I can testify to the facts stated herein.

2.     R. Bartley Halloran and R. Bartley Halloran, P.C., are residents of the State of Connecticut with an address of 74 Batterson Park Road, Farmington, Connectivut 06032.

3.     Under M.G.L. ch. 223A, Sec. 6(a), service outside of the commonwealth of Massachusetts "may be made: . . . (3) by any form of mail addressed to the person to be served and requiring a signed receipt; . . . ."

4.     M.G.L. ch. 223A, Sec. 6(b) provides that "Proof of service outside this commonwealth may be made by affidavit of the individual who made the service . . . . When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the

*1*

court."

5.      I served upon each of the Defendants by mailing via certified mail return receipt requested by first class mail on March 10, 2005, and by overnight mail on March 16, 2005, by delivering a copy of the complaint in this matter and a summons to each of the Defendants, at 74 Batterson Park Road, Farmington, Connectivut 06032, in accordance with M.G.L. ch. 223A, Sec. 6(a)(3).

6.      The original certified mail receipt from the U.S. Post Office for such service showing receipt is attached as Exhibit One.

        Signed under pains and penalties of perjury.

                        Paul Revere, III
                        (BBO #636200)
                        Law Offices of Paul Revere, III
                        226 River View Lane
                        Centerville, Massachusetts 02630
                        (508) 778-7126

Date: March 21, 2005

# EXHIBIT ONE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X TJ Pavlouist  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name )   C. Date of Delivery <br> JIBARLOWSKI  3/14/05 |
| 1. Article Addressed to: <br><br> R. Buttly Halloran <br> R. Butley Halloran, P.C. <br> 74 Battersun Dale Rd. <br> Fummgton, CT <br> 06032 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7003 3110 0000 5874 3372 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

3

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO. 04-1225

|  |  |
|---|---|
| Barbara Cordi-Allen and John Allen ) | |
| Plaintiffs ) | |
| v. ) | |
| R. Bartley Halloran and ) | |
| R. Bartley Halloran, P.C. ) | |
| Defendants ) | |

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

MAR 24 2005

*Sharon O'Gagga*
CLERK-MAGISTRATE

## PROOF OF SERVICE AFFIDAVIT OF PAUL REVERE, III

1.    I, Paul Revere, III, Esq., make this affidavit based upon my personal knowledge and, if sworn as a witness, I can testify to the facts stated herein.

2.    R. Bartley Halloran and R. Bartley Halloran, P.C., are residents of the State of Connecticut with an address of 74 Batterson Park Road, Farmington, Connectivut 06032.

3.    Under M.G.L. ch. 223A, Sec. 6(a), service outside of the commonwealth of Massachusetts "may be made: . . . (3) by any form of mail addressed to the person to be served and requiring a signed receipt; . . . ."

4.    M.G.L. ch. 223A, Sec. 6(b) provides that "Proof of service outside this commonwealth may be made by affidavit of the individual who made the service . . . . When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the

*1*

court."

5.    I served upon each of the Defendants by mailing via certified mail return receipt requested by first class mail on March 10, 2005, and by overnight mail on March 16, 2005, by delivering a copy of the complaint in this matter and a summons to each of the Defendants, at 74 Batterson Park Road, Farmington, Connectivut 06032, in accordance with M.G.L. ch. 223A, Sec. 6(a)(3).

6.    The original certified mail receipt from the U.S. Post Office for such service showing receipt is attached as Exhibit One.


        Signed under pains and penalties of perjury.


        Paul Revere, III
        (BBO #636200)
        Law Offices of Paul Revere, III
        226 River View Lane
        Centerville, Massachusetts 02630
        (508) 778-7126

Date:  March 21, 2005


A true copy:

    Attest:

Deputy    Assistant Clerk

# EXHIBIT ONE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>x Ji Barlows — ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name) JiBarLowski  C. Date of Delivery 3/14/05. |
| 1. Article Addressed to:<br>R. Burtley Halloran<br>R. Burtley Halloran, P.C.<br>74 Batterson Park Rd.<br>Farmington, CT 06032 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7003 3110 0000 5874 3372 | |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

*3*