## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, )  )  )  ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. 05-30083-MAP |
| R. BARTLEY HALLORAN and R. BARTLEY HALLORAN, P.C., )  )  )  ) | |
| Defendants. ) ) | |

## MOTION TO COMPEL AND REQUEST FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 26 and 37, the defendant R. Bartley Halloran, P.C. ("Halloran") moves for an order compelling the plaintiffs, Barbara Cordi-Allen and John Allen, to make initial disclosures as required by Fed R. Civ. R. 26(a) and to respond to written discovery pursuant to Fed. R. Civ. P. 33 and 34. As grounds for this motion, Halloran states as follows:

1.      On May 17, 2005, a Scheduling Conference was held in this matter in front of Magistrate Judge Kenneth P. Neiman. At that conference, Judge Neiman ordered that the parties were to serve their Rule 26 Initial Disclosure by May 31, 2005. See Exhibit A.

2.      Despite Judge Neiman's Order, the plaintiffs have failed and refused to provide the Initial Disclosures required by Fed. R. Civ. P. 26(a).

3.      On June 2, 2005, Halloran served its First Set of Interrogatories on Barbara Cordi-Allen and a set of Interrogatories on John Allen. See Exhibit B.

4.      On June 2, 2005 Halloran served its First Set of Requests for Production of Documents on Barbara Cordi-Allen and a set of Requests for Production of Documents on John Allen. See Exhibit C.

5.      The plaintiffs have failed or refused to respond to the written discovery requests.

6.      On July 12, 2005, counsel for Halloran wrote to counsel for the plaintiffs to request that the plaintiffs comply with Judge Neiman's order and to respond to the outstanding discovery. See Exhibit D.

7.      Shortly thereafter during a telephone call plaintiffs' counsel requested, and was granted, additional time to respond to the written discovery.

8.      On August 4, 2005, counsel for Halloran again wrote to counsel for the plaintiffs to request that the plaintiffs comply with Judge Neiman's Order and to respond to the written discovery. See Exhibit E.

9.      On August 10, 2005, plaintiffs' counsel telephoned counsel for Halloran to discuss the outstanding discovery. During that call, counsel for Halloran informed counsel for the plaintiffs that a motion to compel would be filed on Monday, August 14, 2005.

10.      The plaintiffs have failed or refused to provide Initial Disclosures and to respond to written discovery requests.

WHEREFORE, R. Bartley Halloran, P.C. requests that the Court:

a.    issue an Order compelling the plaintiffs to provide Initial Disclosures;

b.    issue an Order compelling the plaintiffs to respond to the written discovery; and

c.    order that the plaintiffs pay the reasonable expenses of filing this motion, including all attorneys' fees.

R. BARTLEY HALLORAN and<br>
R. BARTLEY HALLORAN, P.C.,<br>
By its attorney,

Kenneth D. Small, BBO: #567868<br>
HINSHAW & CULBERTSON LLP<br>
One International Place, Third Floor<br>
Boston, MA 02110<br>
(617) 213-7000

Dated: August 15, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for R. Bartley Halloran, P.C. certifies that I conferred in good faith with counsel for the plaintiffs concerning the Motion to Compel. The parties were unable to resolve their differences.

Kenneth D. Small, BBO: #567868<br>
HINSHAW & CULBERTSON LLP<br>
One International Place, Third Floor<br>
Boston, MA 02110<br>
(617) 213-7000

34013241v1 856230

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARBARA CORDI-ALLEN and | ) | |
| JOHN ALLEN, | ) | |
|          Plaintiffs | ) | |
| | ) | |
|          v. | ) | Civil Action No.  05-30083-MAP |
| | ) | |
| | ) | |
| R. BARTLEY HALLORAN and | ) | |
| R. BARTLEY HALLORAN, P.C., | ) | |
|          Defendants | ) | |

SCHEDULING ORDER
May 17, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this day:

1.    The parties shall complete their automatic disclosures by May 31, 2005.

2.    All written discovery and non-expert depositions shall be completed by October 31, 2005.

3.    Plaintiffs shall designate and disclose information regarding their trial experts as required by FED. R. CIV. P. 26(a)(2) by November 30, 2005.

4.    Defendants shall designate and disclose information regarding their trial experts as required by FED. R. CIV. P. 26(a)(2) by December 30, 2005.

5.    All expert depositions shall be completed by February 15, 2006.

6.    Counsel shall appear for a case management conference on February 16, 2006, at 10:00 a.m. in Courtroom Three.

IT IS SO ORDERED.

DATED: May 17, 2005

 /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, )<br><br>Plaintiffs, )<br><br>v. )<br><br>R. BARTLEY HALLORAN and R. BARTLEY )<br>HALLORAN, P.C., )<br><br>Defendants. ) | CIVIL ACTION NO. 05-30083-MAP |

## DEFENDANT R. BARTLEY HALLORAN, P.C.'S FIRST SET OF
## INTERROGATORIES PROPOUNDED TO BARBARA CORDI-ALLEN

Defendant R. Bartley Halloran, Esq., by his attorneys, hereby propounds the following Interrogatories to Plaintiff Barbara Cordi-Allen, to be answered under oath in accordance with the requirements of Fed. R. Civ. P. 33:

### Definitions

The following definitions apply to Defendant's First Set of Interrogatories to Plaintiffs ("Interrogatories"):

1.  As used herein, the term "Defendants" means the Defendants R. Bartley Halloran and R. Bartley Halloran, P.C., any present or former partners, employees, agents, servants, representatives, attorneys, or other persons acting for or on Defendants' behalf.

2.  As used herein, the term "Barbara Cordi-Allen" shall refer to the Plaintiff Barbara Cordi-Allen her employees, officers, agents, and all persons and/or business entities acting and/or purporting to act for or on Barbara Cordi-Allen's behalf.

3. The term "Delta Action" shall mean the lawsuit commenced by Barbara Cordi-Allen against Delta Elevator Corporation.

4. The term "Hartford Action" shall mean the workers' compensation claims Barbara Cordi-Allen filed against the City of Hartford.

5. As used herein, the term "John Allen" shall refer to the Plaintiff John Allen, his employees, officers, agents, and all persons and/or business entities acting and/or purporting to act for or on John Allen's behalf.

6. As used herein, the terms "you" or "your" or any variation thereof shall mean and refer to the Plaintiffs, as defined in paragraphs 2 and 5 above.

7. As used herein, the term "Complaint" refers to the Complaint filed by the Plaintiffs on or about December 21, 2004.

8. As used herein, the terms "this litigation," "this case," "this lawsuit," and/or "this suit" refers to *Barbara Cordi-Allen and John Allen v. R. Bartley Halloran and R. Bartley Halloran, P.C.*, Civil Action No. 05-30083-MAP, pending in the United States District Court for the District of Massachusetts.

## Instructions

1. Unless otherwise indicated, the relevant time period for each Interrogatory is the period from January 1, 1996 through the present.

2. The past tense shall be construed to include the present tense and vice versa to make these Interrogatories inclusive rather than exclusive.

3. The singular shall be construed to include the plural and vice versa to make these Interrogatories inclusive rather than exclusive.

4. When an Interrogatory calls upon you to "state the basis" of or for a particular claim, assertion, allegation, or contention, you shall:

   a.    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

   b.    identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

   c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the Interrogatory; and

   d.    state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the Interrogatory.

5. "Identify", with reference to a natural person, means to state that person's (a) full name, (b) occupation, (c) position and business affiliation at the time referred to or at the time relevant to the response, (d) current or last known position and business affiliation, and (e) current or last known residence and business addresses.

6. "Identify", with reference to a document, means to state (a) the type of document, (b) a summary of its substance, (c) the date of the document, (d) the author(s) and recipient(s) of the document, (e) the present custodian of the document, and (f) where pertinent, the section, article or subparagraph thereof, which forms any part of the source of the Plaintiff's information regarding the alleged facts or legal conclusions referred to by the Interrogatory.

7. These Interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

8. If you object to any Instruction or Definition or to any of the specific Interrogatories set forth below, the precise grounds for your objection(s) shall be stated with particularity. If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

9. If you object to, or claim a privilege with respect to only a portion of a given Interrogatory, you are requested to answer that portion of the Interrogatory as to which you have no objection or claim of privilege.

10. In the event that you are able to provide only part of the information called for by any particular Interrogatory, you are requested to provide all the information which you can provide and to state the reason(s) for the alleged inability to provide the remainder.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons with any knowledge of the facts, claims and/or allegations contained in the Complaint and for each such person, describe the knowledge and/or discoverable information he, she, or it has.

### INTERROGATORY NO. 2

State the basis for any damages you are seeking to recover from the Defendants in this lawsuit, including an itemization of those damages.

### INTERROGATORY NO. 3

Please list and identify completely each person that you expect to call as an expert witness at trial, stating as to each such expert witness:

    (a)    full name, address, occupation, business address and relationship to the Plaintiff or Defendant, if any;

    (b)    educational background;

    (c)    experience in the subject matter at issue in this lawsuit.

    (d)    the subject matter or area on which each such person expects to testify;

    (e)    the substance of the facts and opinions to which each such person is to testify;

    (f)    a summary of the grounds for each opinion; and

    (g)    a list of books, treatises, articles and other works relied upon or considered by each such person regarding the subject matter on which the expert witness is expected to testify.

### INTERROGATORY NO. 4

If you claim that Defendant has made any admissions with respect to the subject matter of this lawsuit:

    (a)    Identify all witnesses to the admissions;

(b)     Set forth the date, place and manner in which the admissions were made; and

(c)     Set forth copies of each written admission and the details of each oral admission.

## INTERROGATORY NO. 5

State in full and complete detail the reasons why you sought legal representation from the Defendants.

## INTERROGATORY NO. 6

For each and every communication between you and the Defendants concerning the allegations contained in the Complaint, please state:

(a)     the date, time, and place of each communication;

(b)     the identity of any and all partners, associates,

employees, agents, or representatives of the defendants

involved in the communication; and

(c)     the contents of each communication, including what the

defendants said to you and what you said to the defendants.

## INTERROGATORY NO. 7

Identify each and every person or law firm you consulted for legal advice concerning the Delta Action and the Hartford Action.

## INTERROGATORY NO. 8

For each and every communication between you and the person(s) or law firm(s) identified in Interrogatory No. 7, state:

(a)     the date, time, and place of each communication;

(b)     the identity of any and all partners, associates, employees, agents, or representatives of the person(s) or law firm(s) involved in the communication; and

(c)     the contents of each communication, including what you said to the person(s) or law firm(s) and what they said to you.

## INTERROGATORY NO. 9

State in full and complete detail all things or matters which you contend the Defendants:

(a)     did, which should not have been done; and

(b)     failed to do, which should have been done.

## INTERROGATORY NO. 10

State the basis for your allegations in Paragraph 9 of the Complaint that the Allens engaged the Defendants to "represent her in claims against certain parties arising out of the Accident including a claim against the City of Hartford on behalf of John Allen."

## INTERROGATORY NO. 11

State the basis for your contention contained in Paragraph 18 of the Complaint that "[t]his accounting was inconsistent with the terms of the Agreement as the attorneys fee was based upon 1/3 of the gross settlement, not the settlement after deductions for "liens, costs and expenses."

## INTERROGATORY NO. 12

State the basis for your contention contained in Paragraph 26 [sic] of the Complaint that "[b]y withdrawing as counsel, Halloran breached the agreement to represent Barbara Cordi-Allen in the worker's [sic] compensation proceeding."

## INTERROGATORY NO. 13

State the basis for your contention contained in Paragraph 29 that "[t]he settlement obtained on behalf of the Allens was negligible when compared to the injuries suffered by Barbara Cordi-Allen in the Accident."

## INTERROGATORY NO. 14

State the basis for your contention contained in Paragraph 31 of the Complaint that "[t]he division of the settlement proceeds pursuant to the accounting provided by Halloran was inconsistent with the terms of the retainer agreement."

## INTERROGATORY NO. 15

State the basis for your contention contained in Paragraph 32 of the Complaint that "[f]ailure to distribute the funds from the settlement in accordance with the retainer agreement constituted a breach of the retainer agreement."

## INTERROGATORY NO. 16

State the basis for your contention contained in Paragraph 37 of the Complaint that "Barbara Cordi-Allen was damaged as she had to obtain other counsel."

## INTERROGATORY NO. 17

State the basis for your contention contained in Paragraph 41 of the Complaint that "Halloran owed a duty to disclose these relationships because they were conflicts of interests and/or created the appearance of impropriety."

## INTERROGATORY NO. 18

State the basis for your contention contained in Paragraph 42 of the Complaint that "[t]he failure to disclose these conflicts constituted a breach of the fiduciary relationship and the conflicts made it impossible for Halloran to appropriately represent the Allens' interests."

R. BARTLEY HALLORAN and
R. BARTLEY HALLORAN, P.C.,

By their attorneys,

Kenneth D. Small BBO #567868
Jill M. Brannelly BBO #655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated:  June 2, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on ___6/2/05___

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 05-30083-MAP |
|  | ) |
| R. BARTLEY HALLORAN and R. BARTLEY | ) |
| HALLORAN, P.C., | ) |
|  | ) |
| Defendants. | ) |

## DEFENDANT R. BARTLEY HALLORAN, P.C.'S FIRST SET OF
## INTERROGATORIES PROPOUNDED TO JOHN ALLEN

Defendant R. Bartley Halloran, Esq., by his attorneys, hereby propounds the following

Interrogatories to Plaintiff John Allen, to be answered under oath in accordance with the

requirements of Fed. R. Civ. P. 33:

### Definitions

The following definitions apply to Defendant's First Set of Interrogatories to Plaintiffs

("Interrogatories"):

1.  As used herein, the term "Defendants" means the Defendants R. Bartley Halloran

    and R. Bartley Halloran, P.C., any present or former partners, employees, agents,

    servants, representatives, attorneys, or other persons acting for or on Defendants'

    behalf.

2.  As used herein, the term "Barbara Cordi-Allen" shall refer to the Plaintiff Barbara

    Cordi-Allen her employees, officers, agents, and all persons and/or business

    entities acting and/or purporting to act for or on Barbara Cordi-Allen's behalf.

00065327.DOC /

3. The term "Delta Action" shall mean the lawsuit commenced by Barbara Cordi-Allen against Delta Elevator Corporation.

4. The term "Hartford Action" shall mean the workers' compensation claims Barbara Cordi-Allen filed against the City of Hartford.

5. As used herein, the term "John Allen" shall refer to the Plaintiff John Allen, his employees, officers, agents, and all persons and/or business entities acting and/or purporting to act for or on John Allen's behalf.

6. As used herein, the terms "you" or "your" or any variation thereof shall mean and refer to the Plaintiffs, as defined in paragraphs 2 and 5 above.

7. As used herein, the term "Complaint" refers to the Complaint filed by the Plaintiffs on or about December 21, 2004.

8. As used herein, the terms "this litigation," "this case," "this lawsuit," and/or "this suit" refers to *Barbara Cordi-Allen and John Allen v. R. Bartley Halloran and R. Bartley Halloran, P.C.*, Civil Action No. 05-30083-MAP, pending in the United States District Court for the District of Massachusetts.

## Instructions

1. Unless otherwise indicated, the relevant time period for each Interrogatory is the period from January 1, 1996 through the present.

2. The past tense shall be construed to include the present tense and vice versa to make these Interrogatories inclusive rather than exclusive.

3. The singular shall be construed to include the plural and vice versa to make these Interrogatories inclusive rather than exclusive.

4. When an Interrogatory calls upon you to "state the basis" of or for a particular claim, assertion, allegation, or contention, you shall:

   a.    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

   b.    identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the Interrogatory;

   c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the Interrogatory; and

   d.    state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the Interrogatory.

5. "Identify", with reference to a natural person, means to state that person's (a) full name, (b) occupation, (c) position and business affiliation at the time referred to or at the time relevant to the response, (d) current or last known position and business affiliation, and (e) current or last known residence and business addresses.

6. "Identify", with reference to a document, means to state (a) the type of document, (b) a summary of its substance, (c) the date of the document, (d) the author(s) and recipient(s) of the document, (e) the present custodian of the document, and (f) where pertinent, the section, article or subparagraph thereof, which forms any part of the source of the Plaintiff's information regarding the alleged facts or legal conclusions referred to by the Interrogatory.

7. These Interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

8. If you object to any Instruction or Definition or to any of the specific Interrogatories set forth below, the precise grounds for your objection(s) shall be stated with particularity. If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

9. If you object to, or claim a privilege with respect to only a portion of a given Interrogatory, you are requested to answer that portion of the Interrogatory as to which you have no objection or claim of privilege.

10. In the event that you are able to provide only part of the information called for by any particular Interrogatory, you are requested to provide all the information which you can provide and to state the reason(s) for the alleged inability to provide the remainder.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons with any knowledge of the facts, claims and/or allegations contained in the Complaint and for each such person, describe the knowledge and/or discoverable information he, she, or it has.

### INTERROGATORY NO. 2

State the basis for any damages you are seeking to recover from the Defendants in this lawsuit, including an itemization of those damages.

### INTERROGATORY NO. 3

Please list and identify completely each person that you expect to call as an expert witness at trial, stating as to each such expert witness:

(a)    full name, address, occupation, business address and relationship to the Plaintiff or Defendant, if any;

(b)    educational background;

(c)    experience in the subject matter at issue in this lawsuit.

(d)    the subject matter or area on which each such person expects to testify;

(e)    the substance of the facts and opinions to which each such person is to testify;

(f)    a summary of the grounds for each opinion; and

(g)    a list of books, treatises, articles and other works relied upon or considered by each such person regarding the subject matter on which the expert witness is expected to testify.

### INTERROGATORY NO. 4

If you claim that Defendant has made any admissions with respect to the subject matter of this lawsuit:

(a)    Identify all witnesses to the admissions;

(b)     Set forth the date, place and manner in which the admissions were made; and

(c)     Set forth copies of each written admission and the details of each oral admission.

## INTERROGATORY NO. 5

State in full and complete detail the reasons why you sought legal representation from the Defendants.

## INTERROGATORY NO. 6

For each and every communication between you and the Defendants concerning the allegations contained in the Complaint, please state:

(a)     the date, time, and place of each communication;

(b)     the identity of any and all partners, associates, employees, agents, or representatives of the defendants involved in the communication; and

(c)     the contents of each communication, including what the defendants said to you and what you said to the defendants.

## INTERROGATORY NO. 7

Identify each and every person or law firm you consulted for legal advice concerning the Delta Action and the Hartford Action.

## INTERROGATORY NO. 8

For each and every communication between you and the person(s) or law firm(s) identified in Interrogatory No. 7, state:

(a)     the date, time, and place of each communication;

(b)  the identity of any and all partners, associates, employees, agents, or representatives of the person(s) or law firm(s) involved in the communication; and

(c)  the contents of each communication, including what you said to the person(s) or law firm(s) and what they said to you.

**INTERROGATORY NO. 9**

State in full and complete detail all things or matters which you contend the Defendants:

(a)  did, which should not have been done; and

(b)  failed to do, which should have been done.

**INTERROGATORY NO. 10**

State the basis for your allegations in Paragraph 9 of the Complaint that the Allens engaged the Defendants to "represent her in claims against certain parties arising out of the Accident including a claim against the City of Hartford on behalf of John Allen."

**INTERROGATORY NO. 11**

State the basis for your contention contained in Paragraph 18 of the Complaint that "[t]his accounting was inconsistent with the terms of the Agreement as the attorneys fee was based upon 1/3 of the gross settlement, not the settlement after deductions for "liens, costs and expenses."

**INTERROGATORY NO. 12**

State the basis for your contention contained in Paragraph 26 [sic] of the Complaint that "[b]y withdrawing as counsel, Halloran breached the agreement to represent Barbara Cordi-Allen in the worker's [sic] compensation proceeding."

**INTERROGATORY NO. 13**

State the basis for your contention contained in Paragraph 29 that "[t]he settlement obtained on behalf of the Allens was negligible when compared to the injuries suffered by Barbara Cordi-Allen in the Accident."

**INTERROGATORY NO. 14**

State the basis for your contention contained in Paragraph 31 of the Complaint that "[t]he division of the settlement proceeds pursuant to the accounting provided by Halloran was inconsistent with the terms of the retainer agreement."

**INTERROGATORY NO. 15**

State the basis for your contention contained in Paragraph 32 of the Complaint that "[f]ailure to distribute the funds from the settlement in accordance with the retainer agreement constituted a breach of the retainer agreement."

**INTERROGATORY NO. 16**

State the basis for your contention contained in Paragraph 37 of the Complaint that "Barbara Cordi-Allen was damaged as she had to obtain other counsel."

**INTERROGATORY NO. 17**

State the basis for your contention contained in Paragraph 41 of the Complaint that "Halloran owed a duty to disclose these relationships because they were conflicts of interests and/or created the appearance of impropriety."

**INTERROGATORY NO. 18**

State the basis for your contention contained in Paragraph 42 of the Complaint that "[t]he failure to disclose these conflicts constituted a breach of the fiduciary relationship and the conflicts made it impossible for Halloran to appropriately represent the Allens' interests."

R. BARTLEY HALLORAN and
R. BARTLEY HALLORAN, P.C.,

By their attorneys,

Kenneth D. Small BBO #567868
Jill M. Brannelly BBO #655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated: June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail by hand on    6/2/05

00065327.DOC /

-9-

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-30083-MAP |
| | ) |
| R. BARTLEY HALLORAN and R. BARTLEY | ) |
| HALLORAN, P.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT R. BARTLEY HALLORAN, P.C.'S FIRST REQUEST FOR THE**
**PRODUCTION OF DOCUMENTS PROPOUNDED TO BARBARA CORDI-ALLEN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the defendant, R. Bartley Halloran, P.C., requests that the plaintiff, Barbara Cordi-Allen ("Cordi-Allen"), produce the documents specified in Section II of this First Request for Production of Documents no later than thirty (30) days after service of this request at the offices of Sherin and Lodgen LLP, 101 Federal Street, Boston, Massachusetts 02110.

**I. INSTRUCTIONS AND DEFINITIONS**

1.   Except as modified by these Instructions and Definitions, the definitions contained in Local Rule 26.5 (Uniform Definitions in Discovery Requests) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2.   "Halloran" means R. Bartley Halloran, Esq.

3.   "Halloran P.C." means the law firm of R. Bartley Halloran, P.C., and any current or former partner, member, employee, or agent thereof.

00063453.DOC /

4. "MG- M" means the law firm of Mester Grabow – Miller, and any current or former partner, member, employee, or agent thereof.

5. "Barbara" means Barbara Cordi-Allen, and any current or former employee, officers, agents and other persons acting for or on Barbara's behalf.

6. "John" means John Allen, and any current or former agent thereof.

7. "Delta Action" shall mean the lawsuit commenced by Barbara Cordi-Allen against Delta Elevator Corporation.

8. "Hartford Action" shall mean the workers' compensation claims Barbara Cordi-Allen filed against the City of Hartford.

9. "Complaint" means the complaint filed by Barbara Cordi-Allen and John Allen against R. Bartley Halloran and R. Bartley Halloran, P.C.

10. Unless otherwise stated herein, the relevant time frame for these Requests is from 1998 to the present.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

12. "And" shall be construed to mean "or", and "or" shall be construed to mean "and" wherever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

2

13. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

14. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

15. A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

16. With respect to any responsive document which was formerly in your possession, custody or control, and has been lost or destroyed, state:

    A.  the type of document;

    B.  the subject matter and contents of the document;

    C.  the author of the document;

    D.  each person to whom the original or a copy of the document was sent;

    E.  the date on which the document was prepared or transmitted;

    F.  the date on which the document was lost or destroyed, and, if destroyed, the condition of and reasons for such destruction and the persons requesting and performing the destruction.

17. These requests shall be deemed continuing so as to require prompt, further and supplementation (without further request by the propounded of these Requests) if you obtain additional documents or things responsive to the Request at any time prior to trial herein.

3

18. In your response to each request below, state whether you intend to produce any documents or things. If you have not located any documents or things responsive to any request below or believe that no such documents or things exist, please so state in response to each such request.

19. If any Request is deemed to call for the production of privileged or attorney work product materials and such privilege or attorney work product is asserted, identify in writing each document so withheld and provide the following information:

A. The reason for withholding the document;

B. A statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

C. A brief description of the document, including:

    (i)      the date of the document;

    (ii)     the number of pages, attachments and appendices;

    (iii)    the names of its author(s), or preparer(s) and an identification by employment and title of each such person;

    (iv)    the name of each person who was sent, shown or received blind or carbon copies of the document, or has had access to or custody of the document, together with an identification of each such person; and the present custodian.

4

## II. <u>DOCUMENT REQUESTS</u>

1.  All documents concerning fees charged by Halloran and/or Halloran P.C. for services concerning the Delta Action and the Hartford Action including, but not limited to all bills, time records, audits, evaluation or assessment of the nature, amount, or reasonableness of such fees, or any complaint or inquiry about, or objection to, such fees.

2.  All documents concerning Halloran and Halloran P.C.'s representation of Barbara or John in the Delta Action.

3.  All documents concerning Halloran and Halloran P.C.'s representation of Barbara or John in the Hartford Action.

4.  All documents concerning legal advice rendered to Barbara or John by Halloran concerning the Delta Action or the Hartford Action.

5.  All documents concerning legal advice rendered to Barbara or John by Halloran, P.C. concerning the Delta Action or the Hartford Action.

6.  All documents concerning legal advice rendered to Barbara or John by any person, entity or law firm concerning the Delta Action or the Hartford Action.

7.  All documents concerning any and all communications between Halloran and Barbara.

8.  All documents concerning any and all communications between Halloran, P.C. and Barbara.

9.  All documents concerning Halloran.

10. All documents concerning Halloran, P.C.

00063453.DOC /

11. All documents concerning any and all communications between Barbara and MG- M concerning the Hartford Action.

12. All documents concerning any and all communications between Barbara and any other person or entity concerning Halloran, Halloran, P.C., or any of the allegations contained in the Complaint.

13. All documents concerning the Delta Action.

14. All documents concerning the Hartford Action.

R. BARTLEY HALLORAN  AND
R. BARTLEY HALLORAN, P.C.

By their attorneys,

Kenneth D. Small BBO #567868
Jill M. Brannelly BBO #655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated:  June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on  6/2/05

00063453.DOC /

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>R. BARTLEY HALLORAN and R. BARTLEY  )<br>HALLORAN, P.C.,  )<br>  )<br>Defendants.  ) | CIVIL ACTION NO. 05-30083-MAP |

### DEFENDANT R. BARTLEY HALLORAN, P.C.'S FIRST REQUEST FOR THE
### PRODUCTION OF DOCUMENTS PROPOUNDED TO JOHN ALLEN

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the defendant, R. Bartley Halloran, P.C., requests that the plaintiff, John Allen ("Allen"), produce the documents specified in Section II of this First Request for Production of Documents no later than thirty (30) days after service of this request at the offices of Sherin and Lodgen LLP, 101 Federal Street, Boston, Massachusetts 02110.

### I. INSTRUCTIONS AND DEFINITIONS

1.  Except as modified by these Instructions and Definitions, the definitions contained in Local Rule 26.5 (Uniform Definitions in Discovery Requests) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2.  "Halloran" means R. Bartley Halloran, Esq.

3.  "Halloran P.C." means the law firm of R. Bartley Halloran, P.C., and any current or former partner, member, employee, or agent thereof.

00065334.DOC /

4. "MG- M" means the law firm of Mester Grabow – Miller, and any current or former partner, member, employee, or agent thereof.

5. "Barbara" means Barbara Cordi-Allen, and any current or former employee, officers, agents and other persons acting for or on Barbara's behalf.

6. "John" means John Allen, and any current or former agent thereof.

7. "Delta Action" shall mean the lawsuit commenced by Barbara Cordi-Allen against Delta Elevator Corporation.

8. "Hartford Action" shall mean the workers' compensation claims Barbara Cordi-Allen filed against the City of Hartford.

9. "Complaint" means the complaint filed by Barbara Cordi-Allen and John Allen against R. Bartley Halloran and R. Bartley Halloran, P.C.

10. Unless otherwise stated herein, the relevant time frame for these Requests is from 1998 to the present.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

12. "And" shall be construed to mean "or", and "or" shall be construed to mean "and" wherever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

00065334.DOC /

13. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

14. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

15. A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the Request all documents and things that might otherwise be construed to be outside its scope.

16. With respect to any responsive document which was formerly in your possession, custody or control, and has been lost or destroyed, state:

A. the type of document;

B. the subject matter and contents of the document;

C. the author of the document;

D. each person to whom the original or a copy of the document was sent;

E. the date on which the document was prepared or transmitted;

F. the date on which the document was lost or destroyed, and, if destroyed, the condition of and reasons for such destruction and the persons requesting and performing the destruction.

17. These requests shall be deemed continuing so as to require prompt, further and supplementation (without further request by the propounded of these Requests) if you obtain additional documents or things responsive to the Request at any time prior to trial herein.

3

00065334.DOC /

18. In your response to each request below, state whether you intend to produce any documents or things. If you have not located any documents or things responsive to any request below or believe that no such documents or things exist, please so state in response to each such request.

19. If any Request is deemed to call for the production of privileged or attorney work product materials and such privilege or attorney work product is asserted, identify in writing each document so withheld and provide the following information:

A. The reason for withholding the document;

B. A statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

C. A brief description of the document, including:

    (i)    the date of the document;

    (ii)    the number of pages, attachments and appendices;

    (iii)    the names of its author(s), or preparer(s) and an identification by employment and title of each such person;

    (iv)    the name of each person who was sent, shown or received blind or carbon copies of the document, or has had access to or custody of the document, together with an identification of each such person; and the present custodian.

4

00065334.DOC /

## II.  DOCUMENT REQUESTS

1.  All documents concerning fees charged by Halloran and/or Halloran P.C. for services concerning the Delta Action and the Hartford Action including, but not limited to all bills, time records, audits, evaluation or assessment of the nature, amount, or reasonableness of such fees, or any complaint or inquiry about, or objection to, such fees.

2.  All documents concerning Halloran and Halloran P.C.'s representation of Barbara or John in the Delta Action.

3.  All documents concerning Halloran and Halloran P.C.'s representation of Barbara or John in the Hartford Action.

4.  All documents concerning legal advice rendered to Barbara or John by Halloran concerning the Delta Action or the Hartford Action.

5.  All documents concerning legal advice rendered to Barbara or John by Halloran, P.C. concerning the Delta Action or the Hartford Action.

6.  All documents concerning legal advice rendered to Barbara or John by any person, entity or law firm concerning the Delta Action or the Hartford Action.

7.  All documents concerning any and all communications between Halloran and John.

8.  All documents concerning any and all communications between Halloran, P.C. and John.

9.  All documents concerning Halloran.

10. All documents concerning Halloran, P.C.

11. All documents concerning any and all communications between John and MG- M concerning the Hartford Action.

5

00065334.DOC /

12. All documents concerning any and all communications between John and any other person or entity concerning Halloran, Halloran, P.C., or any of the allegations contained in the Complaint.

13. All documents concerning the Delta Action.

14. All documents concerning the Hartford Action.

R. BARTLEY HALLORAN AND
R. BARTLEY HALLORAN, P.C.

By their attorneys,

Kenneth D. Small BBO #567868
Jill M. Brannelly BBO #655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated:  June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/by hand on ____6/2/05____

6

# EXHIBIT D

# HINSHAW
& CULBERTSON LLP

July 12, 2005

Paul Revere III, Esq.
Law Offices of Paul Revere III
226 River View Lane
Centerville, MA 02632

**ATTORNEYS AT LAW**

One International Place
Fort Hill Square
Third Floor
Boston, MA 02110

617-213-7000
617-213-7049 (fax)
www.hinshawlaw.com

Re:    Barbara Cordi-Allen, et al v. R. Bartley Halloran, et al
       U.S.D.C., C.A. No. 05-30083-MAP

Dear Paul:

As you know, Magistrate Judge Neiman established a scheduling order at the hearing held on May 17, 2005. The first task was to serve initial disclosures. You have failed to do this. In addition, I served written discovery on June 2, 2005. You have failed to respond. I am writing pursuant to Local Rule 7.1 to request that you fulfill your obligations concerning discovery. If I do not receive this information by July 22, 2005, I will be forced to file appropriate motions.

Please call me at my new contact information should you have any questions.

Very truly yours,

HINSHAW & CULBERTSON LLP

Kenneth D. Small
Direct 617-213-7004
ksmall@hinshawlaw.com

Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Oregon  Rhode Island  Wisconsin

34012180v1 7048395

# EXHIBIT E

# HINSHAW

& CULBERTSON LLP

August 4, 2005

**ATTORNEYS AT LAW**

One International Place
Fort Hill Square
Third Floor
Boston, MA 02110

Paul Revere III, Esq.
Law Offices of Paul Revere III
226 River View Lane
Centerville, MA 02632

617-213-7000
617-213-7001 (fax)
www.hinshawlaw.com

Re:     Barbara Cordi-Allen, et al v. R. Bartley Halloran, et al
        U.S.D.C., C.A. No. 05-30083-MAP

Dear Paul:

I am writing pursuant to Local Rule 7.1 to follow up on our conversation of a few weeks ago. During that conversation you indicated your intent to serve initial disclosures and your responses to discovery. You have failed to do either. Accordingly, unless I receive initial disclosures and the response to the discovery served June 2, 2005, by August 10, 2005, I will be forced to file a motion to compel. The Motion will ask for costs.

Very truly yours,

HINSHAW & CULBERTSON LLP

Kenneth D. Small
Direct 617-213-7004
ksmall@hinshawlaw.com

cc:     R. Bartley Halloran, Esq.
        Magali Melendez, Esq.

Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Oregon  Rhode Island  Wisconsin

34013012v1 856230