UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>BARBARA CORDI-ALLEN and JOHN ALLEN, )<br> )<br>*Plaintiffs*,  )<br> )<br>v.    )<br> )<br>R. BARTLEY HALLORAN and R. BARTLEY  )<br>HALLORAN, P.C.,    )<br> )<br>*Defendants*.  )<br>_____ ) | CIVIL ACTION NO. 05-30083-MAP |

**R. BARTLEY HALLORAN, P.C. and R. BARTLEY HALLORAN'S
CONCISE STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1, the defendants, R. Bartley Halloran, P.C. and R. Bartley
Halloran (collectively "Halloran"), hereby submit their concise statement of material facts of
record, which there are no genuine issues of fact to be tried, in support of their motion for
summary judgment.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      On January 10, 1997, Barbara Cordi-Allen ("Barbara") was injured as she exited
an elevator at her place of employment, Weaver High School, located in the City of Hartford,
Connecticut.  See Complaint, ¶¶ 7-8.

2.      Although a resident of Massachusetts, at the time of the elevator incident Barbara
had been a mathematics teacher in the Hartford Public Schools for approximately 23 years.  See
Deposition Transcript of Barbara Cordi-Allen ("Tr.") appended to the Affidavit of Kenneth D.
Small ("Small Aff.") as Exhibit A, pp. 23-24.  As a teacher in the public schools, Barbara was an
employee of the City of Hartford.  She is "highly educated."  Id. at 19.

1

3.      On July 21, 1997, Barbara executed a retainer agreement ("Retainer Agreement")

by which she retained Halloran to represent her in "a claim or claims against any party or parties

arising out of . . . injury to [her] left foot 1/10/97."   See Retainer Agreement appended to Small

Aff. as Exhibit C.

4.      R. Bartley Halloran is a resident of the State of Connecticut and an attorney

licensed to practice law in the Statement of Connecticut.   R. Bartley Halloran, P.C. is a

Connecticut corporation and a law firm, handling cases in the State of Connecticut.    See

Complaint, ¶¶ 5-6.

5.      Section II of the Retainer Agreement provides, in relevant part, as follows:

> **FEES** – The Client agrees that the Law Offices of R. Bartley
> Halloran, P.C. shall receive fees of thirty-three and one third
> percent (33 1/3 %) of the recovery whether by way of settlement
> or award, after deduction of liens, costs and expenses, including
> payback of any workers' compensation benefits.   The Client
> authorizes the Law Offices of R. Bartley Halloran, P.C. to deduct
> said fees, liens, costs and expenses out of monies received from
> said party or parties. . . .

See Tr., p. 32; Retainer Agreement, Section II, appended to Small Aff. as Exhibit C.

6.      On January 5, 1998, Halloran, on behalf of Barbara and her husband John Allen

("John" and collectively, the "Allens"), filed a complaint against Delta Elevator Services

Corporation ("Delta Elevator") in the Superior Court in Hartford, Connecticut alleging that

Barbara's injuries were caused by Delta Elevator's negligence (the "Delta Action").   Tr., p. 39-

40; Complaint in Delta Action appended to Small Aff. as Exhibit D.   The complaint filed in the

Delta Action also alleged a count on behalf of John for loss of consortium.   Id.   At the time the

Delta Action was filed, the defendant had a principal place of business in Farmington,

Connecticut.   Id. at ¶ 3.

7.      On January 15, 1998, the City of Hartford intervened to enforce its workers' compensation lien and recover payments made on behalf of Barbara for her personal injuries. See Tr., pp. 44-45; Motion to Intervene City of Hartford/Board of Education as Co-Plaintiff and to File Intervening Complaint appended to Small Aff. as Exhibit E.

8.      On or about September 13, 1999, the Delta Action was mediated with Magistrate Egan.  See Tr., pp. 72-73.

9.      At the end of the mediation, Barbara was "disgusted" and "felt Mr. Halloran had no interest in [the Allens] case at all."  See Tr., p. 76, ln. 1-6.  She began to have "doubts."  Id. at p. 76, ln. 15.

10.     After the mediation, in the fall of 1999, Barbara thought of retaining new counsel and "spoke with Ricassi & Davis."  Tr., p. 77, ln. 12-17.  She was questioning Halloran's representation of her and John in the Delta Action.  Id. at pp. 196-97.

11.     On or about October 5, 1999, Halloran entered an appearance and became Barbara's counsel in a case pending before the Connecticut Workers' Compensation Commissioner.  Tr., pp. 81-82; Letter of Appearance from Law Offices of R. Bartley Halloran to Workers' Compensation Commission dated October 5, 1999 appended to Small Aff. as Exhibit F.

12.     On or about March 20, 2000, counsel for the City of Hartford sent Halloran a letter indicating that the workers' compensation lien currently totaled $195,921.58. Tr., pp. 90-91; Letter Pomeranz & Drayton & Stabnick, LLC to R. Bartley Halloran, Esq. dated March 20, 2000 appended to Small Aff. as Exhibit G.  Barbara was aware that there was a lien and knew

that the amount was high because she had a "lot of medical [bills]." Tr., p. 92, ln. 9-12. Barbara knew, at least as of March 2000, that the workers' compensation lien was approaching $200,000. Tr., p. 99, ln. 19-23

13.     On October 2, 2000, Halloran met with Barbra and John Allen and presented them with a lengthy letter describing the terms of the proposed settlement of the Delta Action. See letter from R. Bartley Halloran to Mr. and Mrs. John Allen dated October 2, 2000 appended to Small Aff. as Exhibit H. The settlement negotiated by Halloran originally called for Barbara to be paid a net of $150,000 in exchange for her waiving her claim for additional workers' compensation benefits. Id.

14.     On or about October 3, 2000, the Allens executed a general release in the Delta Action in settlement of their claims for the amount of $235,000 (the "General Release"). Tr., pp. 93-94; General Release appended to Small Aff. as Exhibit I.

15.     After signing the General Release, the Allens signed a Settlement Statement, indicating that the total settlement for the Delta Action was $235,000, less attorneys' fees totaling $78,333.33, less expenses totaling $26,946.22, leaving a balance of $126,720. Tr., p. 146, p. 188, ln. 14; Settlement Statement appended to Small Aff. as Exhibit J. .

16.     After executing the General Release, Barbara decided to pay the proceeds of the settlement to the compensation carrier and pursue future workers' compensation benefits. See letter from R. Bartley Halloran to Barbara Cordi-Allen dated October 12, 2000 appended to Small Aff. as Exhibit K. Barbara understood that she was releasing Delta Elevator from the lawsuit, but not settling the workers' compensation case because she wanted to continue her case for disability benefits. Tr., p. 94, ln. 20-24; p. 99, ln. 3-10; pp. 140-141.

17.     Barbara instructed Halloran "not to pay the above listed amount [$126,720.45]
until further order of the Compensation Commission or the court." See Settlement Statement
appended to Small Aff. as Exhibit J. Per Barbara's instructions, Halloran placed the $126,720.45
in escrow, pending orders from the Workers' Compensation Commission or the court. Tr., p.
144, ln. 7.

18.     Barbara understood that the funds received in the Delta Action settlement did not
repay the workers' compensation lien in full. Tr., p. 150. Given the amount of the lien, Barbara
would receive "zero" because the settlement proceeds would have been absorbed by the workers'
compensation lien. Tr., p. 158, ln. 7; p. 160; p. 321; p. 327.

19.     On or about April 20, 2001, the City of Hartford brought suit against Barbara,
seeking reimbursement for its workers' compensation lien, at that time totaling approximately
$205,000. Tr., p. 320; Complaint in action captioned City of Hartford v. Barbara Cordi-Allen,
dated April 20, 2001 appended to Small Aff. as Exhibit L.

20.     On or about April 24, 2001, the Connecticut Workers' Compensation
Commissioner ordered Halloran to release the $126,720.45 from escrow and turn the funds over
to the City of Hartford. Tr., p. 189, ln. 21-24.

21.     On or about May 4, 2001 and on or about May 21, 2001, Barbara wrote to
Halloran via e-mail, questioning his skills as an attorney and the work he had performed on the
Delta Action. Tr., p. 212; e-mail Correspondence dated May 4, 2001 and May 21, 2001
appended to Small Aff. as Exhibit M.

22.     On or about May 10, 2001, Halloran wrote to Barbara to address her recent

correspondence, Halloran wrote as follows:

> First, if you wish to make a compliant to the bar about my actions, that is your right. I have tried to zealously represent you while at the same time dissuade you from taking actions which would hurt your case. I did obtain what I consider to be an excellent result, a result which you have sabotaged by your actions after a settlement was reached. I feel that you are on a losing and self-destructive course in turning in the over One Hundred Thousand Dollars of proceeds to the carrier and insisting on pursuing a total temporary disability claim when your primary physician, the two examining physicians and the retained experts in the third party case all say you have residual work capacity.

> \* \* \*

> I strongly urge you to reconsider your position. As I have told you repeatedly, I believe that the workers'; compensation carrier would be willing to give back the money we have paid to them, over $125,000.00 and supplement this amount with at least an additional $50,000 and possibly as much as $100,000 to settle your claim.

> \* \* \*

> I will wait a week before I take any further action in your case. If you do wish to accept my advise, or if you instead wish to proceed with whatever complaint or action you wish to file against me, I will withdraw from the workers compensation case and respond to those complaints.

See Letter R. Bartley Halloran to Barbara Cordi-Allen dated May 10, 2001 appended to Small Aff. as Exhibit N.

23.    On May 24, 2001, Barbara wrote to Halloran, stating the following:

> I have been told to pursuit [sic] a malpractice lawsuit for your handling of my injury. This came from a very prestigious lawyer and firm.

See e-mail correspondence from Barbara Cordi-Allen to R. Bartley Halloran dated May 24, 2001 appended to Small Aff. as Exhibit O. At that point, Barbara believed that "Halloran failed to do his job properly." Tr., pp. 257-258.

24.    On May 29, 2001, Halloran requested to withdraw his appearance in the workers'

6

compensation case.  Tr., pp. 269-270; see Letter R. Bartley Halloran to Workers Compensation Commission dated May 29, 2001 appended to Small Aff. as Exhibit P.

25.    As of May 2001, Barbara believed that the attorney-client relationship had broken down between the Allens and Halloran.  Tr., p. 274.

26.    On May 30, 2001, Barbara informed Halloran that she was reporting him to the Connecticut State Bar.  See-mail Barbara Cordi-Allen to R. Bartley Halloran dated May 30, 2001 appended to Small Aff. as Exhibit Q.

27.    On July 17, 2001, the Workers' Compensation Commission granted Halloran's request to withdraw as counsel for Barbara Cordi-Allen.  The Commission held that, "the attorney-client relationship has broken down to the extent that there exists a mutual breakdown or trust and confidence between attorney and claimant."  See Memorandum Re: Motion to Withdraw as Counsel dated July 17, 2001 appended to Small Aff. as Exhibit R.  Halloran no longer represented the Allens in any matter.

28.    In or about July 2001, Barbara filed a formal grievance against Halloran with the Connecticut State Bar.  Tr., pp. 284-86.

29.    Barbara retained Richard Grabow as successor counsel for the Workers' Compensation Case.  Tr., pp 295-96.

30.    On March 19, 2004, the Workers' Compensation Commission issued a Finding and Award.  See Finding and Award dated March 19, 2004 appended to Small Aff. as Exhibit S. The Workers' Compensation Commissioner rejected Barbara's claim that she was totally disabled.  Id.  The Commissioner awarded Barbara $31,018.89 in additional benefits based on

reduced earning capacity.  Id.

31.     On or about December 21, 2004, the plaintiffs filed a Complaint against Halloran in the Superior Court in Hampden County, Massachusetts, alleging three counts: (1) Breach of Contract – Settlement; (2) Breach of Contract – Failure to Represent; and (3) Breach of Fiduciary Duty.  See Complaint.

32.     The plaintiff have not retained an expert in this case.  Tr., p. 333-334; Response to Interrogatories Response No. 3 appended to Small Aff as Exhibit T.

/s / Kenneth D. Small
Kenneth D. Small (BBO# 567868)
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

Dated:  February 17, 2006

34016773v1 856230