UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN,<br>Plaintiffs<br><br>v.<br>R. BARTLEY HALLORAN and R. BARTLEY<br>HALLORAN, P.C.,<br>Defendants | CIVIL ACTION NO. 05-30083-MAP |

**EMERGENCY MOTION TO VACATE JUDGMENT
AND FOR ORDER ALLOWING
TIME TO RESPOND TO MOTION
FOR SUMMARY JUDGMENT
PURSUANT TO RULES 6(b) and 60(b) OF THE
FEDERAL RULES OF PROCEDURE**

1. On February 17, 2006, Defendants served their motion for summary judgment.

2. Counsel for Defendant called counsel for Plaintiff to make him aware of the motion on February 9, 2006.

3. Counsel for Plaintiff for who is located on Cape Cod stated in that February telephone call that he **needed** to have the counsel for Defendant, who is located in Boston, return the **original** documents which the Plaintiffs had provided in response to a broad based document request in September, 2005, **to be able to respond to the motion for summary judgment**.

1

4. Counsel for Defendant was aware that these documents were the only copies of the documents **and agreed to provide such documents via delivery service**.

5. The originals were provided because counsel for Plaintiffs' August 18, 2005, response to the Defendants' document request stated that they would be made available at counsel for Plaintiffs' office of Cape Cod on September 23, 2005.

6. After discussion, counsel for Plaintiffs agreed to deliver a large box containing the originals to Boston on September 22, 2005, as he was attending another deposition in Boston on that date on the condition that counsel for Defendant would either copy them, or review them and return the originals.

7. Counsel for the Defendant without objection by counsel for Plaintiff held the documents and used them in two days of depositions of the Defendant Barbara Cordi-Allen on November 16 and 17, 2005.

8. At the end of the deposition, counsel for Defendants stated that he would have the documents returned to counsel for Plaintiffs.

9. Counsel also agreed that the deposition of Defendant R. Bartley Halloran would occur at some later date following a motion for summary judgment.

10.     On December 11, 2006, counsel for Plaintiffs' home was destroyed by fire killing his two dogs, but thankfully not injuring him, his wife, or two children. <u>See</u> http://cbs4boston.com/topstories/local-story-345184130.html.

11.     As stated above, during the February 9, 2006, telephone call, counsel for Plaintiff stated that he needed the documents to respond to the motion for summary judgment.

12.     Counsel for Plaintiff provided his new mailing address via e-mail to counsel for Defendant on or about February 11, 2006.

13.     The new mailing address was necessitated as counsel for Plaintiffs had used his home address for receiving mail and, since it was destroyed, he was no longer living there.[1]

14.     On or about March 6, 2006, counsel for Plaintiffs and counsel for Defendants spoke via telephone.

15.     Counsel for Plaintiffs again stated to counsel for Defendants that he had not received the documents and would be unable to provide a response to the motion for summary judgment until the documents had been sent.

---

[1] Though irrelevant to this motion, it should be noted that counsel for Plaintiff's copy of the deposition transcript of Ms. Cordi-Allen was destroyed by that fire.

3

16. Counsel for Defendants again stated that he would provide the original documents.

17. On March 8, 2006, this court entered an order and judgment for Defendants stating specifically that Plaintiffs had never responded to the motion.

18. Counsel for Plaintiffs was unaware of this decision due to it not being sent to him electronically.

19. On March 14, 2006, counsel for Defendants' secretary called counsel for Plaintiffs and informed him that the documents were being delivered on that day.

20. No mention was made that the documents were being returned now as judgment had entered.

21. Having received the documents one month after counsel was informed that they would be returned in February, counsel for Plaintiffs intended to call counsel for Defendants and request he agree to the late filing of a response as the failure to respond in a timely basis was the result of counsel for Defendants' failing to provide documents as requested and for which he had in his possession since September, 2005, and for more than three months after the deposition of Plaintiff Barbara Cordi-Allen.

22. The Memorandum and Order notes that counsel for Plaintiffs did not file an opposition.

23. Rule 6(b) of the Federal Rules of Civil Procedure allows an extension of time based upon a showing of excusable neglect.

24. Rule 60(b) provides that relief from a judgment can be granted:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) **mistake, inadvertence, surprise, or excusable neglect**; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) **fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party**; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Emphasis supplied.

25. Here, counsel for Plaintiff failed to file an opposition for two reasons.

26. First, since the fire that destroyed his home in December, counsel for Plaintiffs' life has been essentially a mess including filing and negotiating insurance claims and trying to maintain some semblance of a legal practice and keep his family life on track.

27. In the past month, counsel for Plaintiff has finalized his submission of a claim to the insurance company for the destruction of essentially all non-metallic items in his home above the basement and is reaching the final stages an agreement that the cement foundation is the only

recoverable portion of the housing structure and, in sum, involving total claims (structure and contents) in excess of $700,000.

28. Counsel for Plaintiffs was aware that a response was due by early March, but expected to file agreed motion with counsel for Defendant extending that date as counsel for Defendant had been informed at least twice that counsel for Plaintiff believed that such documents would be necessary to prepare a response and counsel for Plaintiff did not believe that a decision on the motion would be rendered so expeditiously.

29. Thus, counsel for Plaintiff has demonstrated "mistake, inadvertence, surprise, or excusable neglect" for not filing a motion for extension of time before the deadline for filing an opposition and for relief from the judgment.

30. Furthermore, Rule 60(b) allows relief from a judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

31. **While counsel for Plaintiffs does not at this time have any reason to believe that the failure to return the documents earlier was the result of a strategic decision on the part of counsel for Defendants or otherwise done for a nefarious purpose**, the wording of the rule is sufficiently broad for the court to find that, while the actions of counsel for Defendants were not intentionally fraudulent or otherwise sanctionable, the circumstances surrounding the request for

documents could arise to negligent, innocent, or otherwise unintentional misrepresentation or conduct which would allow vacating the judgment to allow Plaintiffs to be heard.

32. Furthermore, Local Rule 56.1 requires that: "Copies of all referenced documentation shall be filed as exhibits to the motion or opposition."

33. By failing to return the documents, counsel for Defendants placed counsel for Plaintiffs in a position making it difficult if not impossible to respond to the motion for summary judgment within the confines of the rule.[2]

34. In summary, counsel for Plaintiffs did not file a request to extend time because he believed that such an extension would be readily granted by an agreed motion as counsel for Defendants had not provided the documents which he had promised.

35. It is expected that counsel for Defendants will make some argument along the lines that "deadlines" are "deadlines"; counsel for Plaintiff has not demonstrated "excusable neglect" or another basis for an extension and relief from judgment; and counsel missed some discovery deadlines in this matter.

36. In reviewing this argument, the court should consider that counsel for Defendants' record

---

[2] Again, counsel for Plaintiffs states that he has no reason to believe at this time that counsel for Defendants intentionally failed to return such documents to gain advantage over counsel for Plaintiffs.

on returning the documents.

37. Finally, counsel for the Plaintiff is not requesting that the court vacate the judgment and permanently reverse the decision resulting automatically in a full trial.

38. Rather, counsel for Plaintiff simply asks that the court allow counsel for Plaintiff to file an opposition to the motion for summary judgment within 14 days of receipt of the documents so that the court can consider Plaintiffs' viewpoints on the summary judgment motion.

WHEREFORE, Counsel for Plaintiffs hereby moves that the judgment issued on March 8, 2006, be vacated and that Counsel for Plaintiff be provided until March 28, 2006, to respond to the motion for summary judgment.

_____
Paul Revere, III
(BBO 636200)
Law Offices of Paul Revere, III
297 North Street, Suite 336
Hyannis, Massachusetts 02601
508-778-7126

Dated: March 16, 2006

**Certification Pursuant To Local Rule 7.1(a)**

Paul Revere, III, counsel of record for the Plaintiffs hereby certifies that on March 16, 2006, I conferred by telephone with counsel for the Defendants in a good faith effort to resolve or narrow the issue presented in this motion, as required by Local Rule 7.1(A)(1).

Signed under pains and penalties of perjury this 16th day of March, 2006.

                                                 Paul Revere, III

I hereby certify that a true copy of this motion was served upon the attorney of record for each party by mail on March 16, 2006.
17

                                                 Paul Revere, III