UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 05-30083-MAP |
| ) | |
| R. BARTLEY HALLORAN and R. BARTLEY ) | |
| HALLORAN, P.C., ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO MOTION TO VACATE JUDGMENT**

This Court should deny Plaintiffs' Motion to Vacate Judgment. In an emergency filing, Plaintiffs' request that this Court vacate its judgment dismissing this case. Absent from the motion, however, is a showing that any attempt was made to extend the deadline to respond to the Motion for Summary Judgment. Plaintiffs' base their argument on excusable neglect and the fact that certain documents were not returned prior to the deadline for filing a response to the Motion.[1] Despite the fact that they are now in possession of the original documents, Plaintiffs fail to offer any documents that would alter the outcome of this case.

A. Plaintiffs Failed To Request Additional Time

On February 17, 2006, the Defendants filed and served their Motion for Summary Judgment. The time for plaintiffs to have responded to the motion was March 3, 3006. See Local Rule 7.1. At no time between February 17, 2006 and March 3, 2006, did Plaintiffs' move for additional time to respond to the Motion. See Affidavit of Kenneth D. Small ("Small Aff") ¶ 6.

---

[1] Defendants do not dispute that the documents were not retuned until after the Court's ruling on the Summary Judgment Motion. There was no intent to gain an unfair advantage by not returning the documents.

1

34018817v1 856230

On February 9, 2006, Defendants' counsel telephoned Plaintiffs' counsel pursuant to Local Rule 7.1, to confer regarding the anticipated filing of the Motion for Summary Judgment. Id. at ¶ 2. Later that evening, while at home, Defendants' counsel received a telephone call from Plaintiffs' counsel on his cell phone. Id. During that call, Plaintiffs counsel requested that the documents produced in response to the request for production of documents be returned. Id.

On February 13, 2006, Plaintiffs' counsel e-mailed Defendants' counsel a new mailing address for all correspondence. Id. at ¶ 4. The Motion for Summary Judgment was served on February 17, 2006. As plaintiffs counsel had failed, despite Court Order, to register for ECF, the motion was served on counsel by mail. Id. at ¶ 5.

On Tuesday, February 21, 2006, Defendants' counsel received a call from the Court informing him that, due to the pendency of the Motion for Summary Judgment, the status conference scheduled for February 22, 2006, would not go forward Id. at ¶ 7. The Court informed Defendants' counsel that Plaintiffs' counsel had also received a call from the Court concerning the postponement of the conference. Id. The March 3, 2006, deadline to respond to the Motion came and went without any opposition or any motion to extend the time to respond. There was no communication between counsel between February 17, 2006 and March 3, 2006. Id. at ¶6.

On March 6, 2006, after the deadline to file an opposition had already passed, Defendants' counsel telephoned Plaintiffs' counsel to discuss the status of the case. Id. at ¶8. Although Plaintiffs counsel requested the return of the original documents, he never indicated that any motion had or would be filed to request additional time to respond to the Motion for Summary Judgment. Id. On March 8, 2006, the court allowed Defendants' Motion for Summary Judgment.

2

### B. The Plaintiffs Were Not Prejudiced by The Lack of Original Documents

Having failed to oppose or otherwise respond to the Motion for Summary Judgment, Plaintiffs now request the Court Vacate its Judgment because certain documents were in the possession of Defendants' counsel. As noted above, Plaintiffs' fail to offer a single document that would alter the outcome of this case. The issue concerning the return of the original documents is nothing more than a smoke screen to excuse the failure to oppose the Motion for Summary Judgment.

As detailed in the Motion for Summary Judgment and supporting documents, the Plaintiffs' Complaint was dismissed for failure to file suit within the three-year statute of limitations period governing tort claims and because the Plaintiffs' suffered no damage. In addition, the Plaintiffs failed to offer an expert opinion to evaluate Defendants' actions in light of the applicable standard of care. A majority of the facts supporting Defendants' arguments came directly from the testimony and writings of Plaintiff, Barbara Cordi-Allen, which were attached to the Defendants' Memorandum of Law.[2] It is clear from her own statements that there is no factual dispute concerning the dates of representation or its termination. Likewise, the amount of the workers' compensation lien cannot be disputed.

Although Plaintiffs' counsel is correct that the original documents were not returned until after the ruling on the Motion for Summary Judgment, there was no intent by Defendants' counsel to gain any unfair advantage. Small Aff. ¶ 3. Given the basis for the Motion for Summary Judgment, Plaintiffs were not prejudiced by the timing of the return of the documents.

---

[2] Defendants attached the entire transcript of the two day deposition of Barbara Cordi-Allen to their Memorandum of Law in Support of the Motion for Summary Judgment.

3

Accordingly, the Court should deny Plaintiffs' Motion to Vacate the Judgment.

R. BARTLEY HALLORAN and
R. BARTLEY HALLORAN, P.C.,

By their attorneys,

    /s / Kenneth D. Small
Kenneth D. Small (BBO# 567868)
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

Dated: March 21, 2006

## CERTIFICATE OF SERVICE

I, Kenneth D. Small, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 21, 2006.

    /s/ Kenneth D. Small

34018817v1 856230