UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> R. BARTLEY HALLORAN and R. BARTLEY ) <br> HALLORAN, P.C., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 05-30083-MAP |

**OPPOSITION TO RENEWED MOTION TO VACATE JUDGMENT
AND FOR ACCEPTANCE OF BRIEF**

This Court should deny Plaintiffs' Renewed Motion to Vacate Judgment and refuse to accept the brief attached to the motion. Having failed to vacate the judgment based on the fact that certain documents were not returned, plaintiffs now rely on personal attacks and accusations to deflect the blame for failing to oppose the Motion for Summary Judgment in a timely manner.[1]

As detailed in Defendants Opposition to Vacate Judgment, the plaintiffs fail to show that any attempt was made to extend the deadline to respond to the Motion for Summary Judgment. On February 17, 2006, the Defendants filed and served their Motion for Summary Judgment. The time for plaintiffs to have responded to the motion was March 3, 3006. See Local Rule 7.1. At no time between February 17, 2006 and March 3, 2006, did Plaintiffs' move for additional time to respond to the Motion. The March 3, 2006, deadline to respond to the Motion came and

---

[1] Interestingly, the plaintiffs do not rely on any documents that allegedly prevented them from responding to the Motion for Summary Judgment in a timely manner. In fact, in the renewed motion plaintiffs state that they "do not contest the facts set forth by Defendant (sic) which will be established as a matter of law, but rather simply contest that the facts don't warrant judgment under the law."

1

went without any opposition or any motion to extend the time to respond.

The Plaintiffs' Complaint was dismissed for failure to file suit within the three-year statute of limitations period governing tort claims and because the Plaintiffs' suffered no damage. In addition, certain claims raised by the Plaintiffs require an expert opinion to evaluate Defendants' actions in light of the applicable standard of care. The Plaintiffs' simply failed to disclose any expert before the Court imposed deadline. Nothing in the Plaintiffs' motion or renewed motion compels this Court to vacate its judgment.

Accordingly, the Court should deny Plaintiffs' Renewed Motion to Vacate the Judgment.

R. BARTLEY HALLORAN and
R. BARTLEY HALLORAN, P.C.,

By their attorneys,

   /s / Kenneth D. Small
Kenneth D. Small (BBO# 567868)
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

Dated: April 10, 2006

## CERTIFICATE OF SERVICE

I, Kenneth D. Small, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 10, 2006.

/s/ Kenneth D. Small

34019362v1 856230